**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 92-7417

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

FRANCISCO LOZANO VALENCIA,

Defendant-Appellant.

Appeal from the United States District Court
For the Southern District of Texas
(Februaryh 24, 1993)

Before REAVLEY, SMITH, and DeMOSS, Circuit Judges.

DEMOSS, Circuit Judge:

I.

On February 27, 1991, Francisco Lonzano Valencia pleaded guilty, pursuant to a plea agreement, to aiding and abetting the possession, with intent to distribute, in excess of five kilograms of cocaine. In exchange for Valencia's plea, the government agreed, among other things, to stipulate that Valencia accepted responsibility for his conduct in accordance with USSG § 3E1.1. This would entitle Valencia to a two-level reduction in offense level.

The Presentence Report (PSR) ordered by the Trial Court concluded that Valencia was not entitled to the two-level reduction

in the offense level for acceptance of responsibility for the offense because Valencia did not accept responsibility for his relevant conduct. Valencia objected to the PSR, among other things, specifically on the ground that he was not entitled to that reduction.

At the initial sentencing hearing on May 15, 1991, the district court granted Valencia a one-level reduction for cooperation with the government and a one-level reduction for acceptance of responsibility, resulting in a sentence of 120 months plus five years of supervised release and a $50 special assessment. Valencia appealed, challenging the propriety of his sentence.

On March 18, 1992, this Court vacated that sentence and remanded for resentencing, finding that a district court may not award a one-level reduction for partial acceptance of responsibility. We held that the Trial Court must either give a two-point reduction or it may not reduce the sentence at all. United States v. Valencia, 957 F.2d 153 (5th Cir. 1992).

Valencia was resentenced on May 22, 1992. The district court denied Valencia any credit for acceptance of responsibility at that proceeding but did grant him a two-point reduction for substantial assistance, resulting in a sentence of 108 months incarceration, a five-year term of supervised release, and a $50 special assessment. The government argued at the resentencing that despite its stipulation to the contrary, Valencia "clearly . . . should not be entitled to any credit for acceptance of responsibility."

2

Valencia again appeals, claiming that the government breached the plea agreement when it stated that Valencia did not deserve a two-level reduction for acceptance of responsibility.

We VACATE the sentence and REMAND for resentencing by a different judge.

## II. <u>DISCUSSION</u>

At the initial sentencing on May 15, 1991, the probation officer submitted the PSR that concluded that Valencia had denied any involvement in the offense to which he pleaded guilty. Valencia's original counsel filed objections to the PSR in an attempt to clarify Valencia's apparent non-acceptance of responsibility. Counsel explained that no attorney was present when Valencia, a Colombian National who did not speak English, was debriefed by the probation officer responsible for compiling the PSR and that Valencia had been told to refrain from speaking to anyone without his counsel present, and thus, did not talk openly with the probation officer.

The court noted Valencia's objection to the PSR and stated that he was "about halfway convinced" as to Valencia's participation in accepting responsibility. He thus gave him a one-level reduction for that category.

At resentencing on May 22, 1992, Valencia's attorney claimed that his client was remorseful for his conduct, fully accepted responsibility, and had he been familiar with the debriefing, would

have been more forthcoming in his statements.[1]  Following defense

counsel's argument, the following exchange took place in relevant

part between the trial judge and the prosecutor, Mr. Dies:

> THE COURT:  What is the Government's thoughts in that regard?
>
> MR. DIES:  Your Honor, what kind of frightens me a little bit is counsel's assertion that today the defendant is more remorseful and accepts more his responsibility than he did at the initial plea of guilty.  Is that to say, then, your Honor, logically extending the argument, that if we somehow mess up today and it gets reversed or remanded, then we come back four months later, if the defendant is even more remorseful in four months from now, he gets more credit?
>
> My position is, Your Honor, that although we may have at the outset agreed by a plea bargaining that this defendant accepted responsibility for his conduct, he failed to demonstrate that to you on the record with his debriefing and with the written statement, and clearly, Your Honor, he should not be entitled to any credit for acceptance of responsibility.  It was incumbent upon the defendant, not the lawyers and their skills, to show the Court acceptance of responsibility.  I am of the opinion, Your Honor, from the facts today and the facts at the entry of the plea of guilty, that the defendant by his assistance to authorities, by his debriefs, played a substantial role in the resolution of the case over all and is entitled to a reduction that you see fit for substantial assistance, but nothing because he hasn't demonstrated to you, Your Honor, a true acceptance of responsibility.  (emphasis added).

Defense counsel immediately objected that the government had

breached the plea agreement with this statement and demanded

specific performance of the plea agreement.

The district court ruled on the objection and stated:

"Specifically, the court notes for the record its perception that

---

[1]Valencia's retained attorney withdrew as his counsel after the initial sentencing and the Federal Public Defender was appointed to perfect Valencia's appeal.

4

it respectfully requested a response from Mr. Dies earlier with regard to this issue. Mr. Dies was therefore duty bound to make some offering to the court. The court does not characterize that as a breach of the agreement that induced this defendant to plead guilty in this case for any purpose."

The government relies upon United States v. Hand, 913 F.2d 854 (10th Cir. 1990) to support its contention that the government need not stand mute in the face of incorrect or misleading testimony. It points out that the Hand court held that the prosecutor, who had agreed to recommend that the defendant receive a reduction in sentence for having a minor role in the offense, had a right to cross examine the defendant in light of incorrect or misleading testimony offered to the trial court.

Noting the court's ruling on Valencia's objection to the prosecutor's comments in question, the government now argues that no breach occurred because the prosecutor was merely correcting inaccurate factual representations and responding to an inquiry by the court. The government also argues that because the district court found that the government did not breach the plea agreement the finding must be reviewed under the clearly erroneous standard. Even if a breach occurred, the government contends the breach constituted harmless error because the prosecutor's argument did not influence the judge's decision and therefore Valencia would end up in the same position.

Whether the government's conduct violates the terms of the plea agreement is a question of law. United States v. Badaracco,

5

954 F.2d 928 (3rd Cir. 1992).  A breach of a plea agreement constitutes plain error and our review is de novo.  United States v. Goldfaden, 959 F.2d 1324, 1328 (5th Cir. 1992).

The principles governing the government's obligation to honor the terms of a plea agreement are well-settled.  If a guilty plea is entered as part of a plea agreement, the government must strictly adhere to the terms and conditions of its promises.  United States v. Kerdachi, 756 F.2d 349, 351-52 (5th Cir. 1985).  United States v. Badaracco, 954 F.2d 928.  Furthermore, when a guilty plea "rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled."  Santobello v. New York, 404 U.S. 257, 262, 92 S. Ct. 495, 30 L. Ed. 2d 427 (1971).  In determining whether the terms of a plea agreement have been violated, the court must determine whether the government's conduct is consistent with the defendant's reasonable understanding of the agreement.  United States v. Huddleston, 929 F.2d 1030, 1032 (5th Cir. 1991).  Furthermore, if it is determined that a plea agreement has been breached, "specific performance [of the agreement] is called for, [and] Appellant must be sentenced by a different judge."  United States v. Goldfaden, 959 F.2d 1324 at 1329 (citing Santobello, 404 U.S. at 263); see also, United States v. Badaracco, 954 F.2d 928 at 938-39, 941.

None of the government's arguments are persuasive.

We observe first that the government mischaracterizes its obligation under the plea agreement, which plainly provides that

the parties stipulated that Valencia accepted responsibility for his offense in the following words:

> The United States stipulates that I have accepted responsibility for my actions (§ 3E1.1 Sentencing Guidelines).

Plea Agreement, 13(c).

While the government correctly argues that it may correct factual inaccuracies in the record, United States v. Goldfaden, 959 F.2d at 1328; and that post-sentencing remorse should not be considered by the judge in determining whether to credit the defendant for acceptance of responsibility, it can not argue that the other evidence in the case establishes that Valencia was not entitled to a reduction for acceptance of responsibility.

"If the stipulation bargained for by [defendant]--and for which he `surrender[ed] . . . certain constitutional rights including a meaningful restriction of his liberty'--is to mean anything, it must preclude remarks like the government made here." United States v. Badaracco, 954 F.2d 928 at 941.

Furthermore, the government cannot rely on United States v. Hand, 915 F.2d 854 to justify its behavior at resentencing.  The Hand court distinguished that case from cases such as this one where a prosecutor promised a recommendation and then proceeded to argue the opposite position.  The prosecutor in Hand presented no direct evidence that the defendant played more than a minor role nor did he characterize the evidence elicited on cross-examination, nor argue the effect of the evidence to the sentencing judge.

Here, the prosecutor did characterize the evidence and did argue the effect of the evidence to the judge.  Here, the

7

prosecutor argued the opposite position in plain violation of the language of the plea agreement.

Finally, the government's argument that harmless error analysis should be applied here because the judge did not base its holding upon the government's recommendation fails.

The interest of justice and standards of good faith in negotiating plea bargains require reversal where a plea bargain is breached. Santobello v. New York, 404 U.S. at 262-63. A lesser standard would permit the government to make a plea bargain attractive to a defendant, subsequently violate the agreement and then argue harmless error, thereby defrauding the defendant.

Here we find that the comments made by the prosecutor to the court in support of the denial of credit for acceptance of responsibility by Valencia breached the plea agreement between the parties and therefore constitutes reversible error.

### III. CONCLUSION

On appeal, Valencia has elected specific performance rather than withdrawal of his plea as his remedy.

We VACATE Valencia's sentence and REMAND to the district court with instruction that it transfer this matter to another judge who will resentence Valencia in accordance with the requirements of this opinion. See Santobello v. New York, 404 U.S. at 263 and United States v. Goldfaden, 959 F.2d at 1329. We intimate no view as to what determination should be made, on remand, on the issue of acceptance of responsibility.