IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

Nos. 95-31026 & 96-30117
_____


UNITED STATES OF AMERICA,

                    Plaintiff-Appellee,

v.

TERRY WAYNE TOWNLEY,

                    Defendant-Appellant.

_____

Appeal from the United States District Court
for the Western District of Louisiana
(CR-91-20008-01)
_____

April 11, 1997

Before POLITZ, Chief Judge, and WISDOM and KING, Circuit Judges.

PER CURIAM:[*]

    Terry Wayne Townley challenges his sentence entered pursuant to a guilty plea and plea agreement as well as the district judge's refusal to recuse himself on the basis of personal bias. Because we conclude that the government breached the plea agreement, we vacate the sentence and remand for resentencing before a different judge.

## I.  BACKGROUND

---

    [*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

Pursuant to a plea agreement, Terry Wayne Townley pleaded guilty to one count of conspiracy to kidnap. The district court sentenced Townley to a 300-month term of imprisonment, an upward departure from the sentence range in the Sentencing Guidelines. On March 9, 1993, this court vacated Townley's sentence and remanded to the district court for resentencing. The district court again sentenced Townley to 300 months imprisonment, and Townley again appealed his sentence. On December 28, 1994, this court affirmed because the district court gave acceptable reasons for its upward departure and the extent of the departure was not an abuse of discretion.

On September 7, 1995, Townley filed a *pro se* motion to vacate his sentence under 28 U.S.C. § 2255, alleging that the government had breached the plea agreement by recommending an upward departure and that the district judge's "personal bias against Townley facilitated a Fifth Amendment violation." Townley also filed a motion to disqualify the district judge.[1] The district court denied the motion to disqualify, and Townley appealed. By order entered on October 6, 1995, the district court dismissed Townley's § 2255 motion. Townley filed a notice of appeal from that ruling on October 19, 1995. On January 8, 1996, Townley filed a "Request for a Rule 35 F.R.C.P." The

---

[1] Because we conclude that Townley must be resentenced before a different judge, we need not address the merits of Townley's claim that the trial judge was biased against him. We note, however, that Townley's claim is without merit. *See* *Liteky v. United States*, 510 U.S. 540 (1994).

district court dismissed the motion, and Townley filed a timely notice of appeal from that dismissal.

Townley has two appeals pending before this court:  No. 95-31026 concerns Townley's motion to disqualify the district judge and his motion for relief under § 2255 and No. 96-30117 concerns Townley's Rule 35 motion.  The appeals have been consolidated.[2]

## II.  DISCUSSION

### A.  28 U.S.C. § 2255 arguments

#### 1.  procedural bar

The government argues that Townley is procedurally barred from making his § 2255 claims because he did not raise the arguments on direct appeal. "Relief under 28 U.S.C.A. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice."  *United States v. Vaughn*, 955 F.2d 367,

---

[2]  Because it is a jurisdictional issue, on our own motion, we examine whether Townley's appeal is properly before this court because he has not obtained a certificate of appealability.  As amended by the Antiterrorism and Effective Death Penalty Act (AEDPA), to appeal the district court's ruling on a 28 U.S.C. § 2255 motion, the appellant must obtain a certificate of appealability (COA).  This court has recently ruled that when both the final judgment and notice of appeal are filed before the effective date of the AEDPA amendments, the COA requirement for § 2255 motion does not apply.  *United States v. Rocha*, No. 95-11229, 1997 WL 123580, at *3 (5th Cir. Apr. 3, 1997).  Because the final judgment and Townley's notice of appeal were filed before AEDPA's effective date, we conclude that Townley does not need a COA and that Townley's appeal is properly before this court.

368 (5th Cir. 1992).  Further, a defendant generally may not raise a fundamental constitutional error in a § 2255 petition for the first time without showing both cause for the procedural default and actual prejudice resulting from the error.  *United States v. Drobny*, 955 F.2d 990, 995 (5th Cir. 1992).  However, to invoke the procedural bar, the government must raise it in the district court.  *Id.* at 995.  In the instant case, the government did not raise the procedural bar in the district court because the motion was summarily denied before the government could file a response.  Thus, we must review Townley's § 2255 argument on the merits.[3]

## 2.  breach of the plea agreement

Townley argues that the government breached the plea agreement by recommending an upward departure.  The plea agreement provided that "[a]t the time of sentencing, the United States agrees to make no recommendation as to an appropriate sentence" and also stated that

---

[3]  In his reply brief, Townley asserts that if "the issues raised in the Defendant's Petition upon which this appeal is based, were not preserved, then as a matter of law, the Defendant has been denied effective assistance of counsel."  The ineffective assistance of counsel argument is irrelevant because we conclude that we can consider Townley's § 2255 arguments.
Townley also asserts ineffective assistance of counsel because at sentencing, his attorney "refused to call several witness [sic] in my behalf, refussed [sic] to question or address the PSI, when in fact it was wrong."  These are all the details Townley provides concerning his claim.  Townley's failure to provide supporting arguments for this claim amounts to a failure to raise it, and thus we will not consider it on appeal.  *See Brinkmann v. Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

4

> [a]t the time of sentencing the United States will
> not oppose any sentence recommendation by the defendant
> or his counsel as to what the appropriate sentence
> should be, as long as that sentence is not less than
> the minimum sentence called for by the guideline
> sentencing range . . . . The United States, however[,]
> reserves the right to correct any factually erroneous
> information proffered by the defendant or his counsel
> . . . .

There is no argument that the government breached this agreement during the first sentencing. However, after this court vacated the sentence and remanded for resentencing, the government made several statements that Townley contends violated the plea agreement. At the sentencing hearing, the government stated:

> [T]he United States would stress that this court, in
> its initial sentencing of the defendant, sentencing the
> defendant to twenty-five years was clearly justified by
> the evidence. There has been additional evidence
> submitted . . . . Twenty-five years was a minimal
> amount that the court was justified in sentencing the
> defendant to. The court was justified in sentencing
> the defendant to thirty years based on the extreme
> physical and emotional abuse . . . . The guidelines
> could never take that into account. The government,
> your honor, would ask that the defendant be sentenced
> to thirty years incarceration.

The government later stated that is was "asking for a substantial upward departure." Townley claims that these statements breach the plea agreement. The trial court denied Townley's § 2255 motion, stating that "[t]his court has the right, and in fact did, move for an upward departure on its own accord. . . . Therefore, there was no breach of the plea agreement by the government." The government agrees and further asserts that the government's statements did not influence the sentencing judge

5

because Townley would likely have received the same sentence without those statements.

In reviewing a district court's denial of a § 2255 motion, this court reviews factual findings for clear error and conclusions of law de novo. *United States v. Faubion*, 19 F.3d 226, 228 (5th Cir. 1994). Whether the government has breached a plea agreement is a question of law reviewed de novo. *United States v. Valencia*, 985 F.2d 758, 760 (5th Cir. 1993).

"[I]f a prisoner's guilty plea is based `in any significant degree' on a prosecutor's promise which reasonably may be said to be part of the consideration for the agreement, that promise must be fulfilled." *United States v. Birdwell*, 887 F.2d 643, 645 (5th Cir. 1989)(quoting *Santobello v. New York*, 404 U.S. 257, 262 (1971)). The government must "strictly adhere" to the terms of the agreement. *Valencia*, 985 F.2d at 760. If we determine that the government has breached a plea agreement, "specific performance of the agreement is called for, and Appellant must be sentenced by a different judge." *Id.* (internal alterations and quotation omitted).

It seems clear that the trial court's conclusion that the government did not breach the plea agreement was erroneous. The plea agreement clearly states that the government "agrees to make no recommendation as to an appropriate sentence," and yet at sentencing the government requested "a substantial upward departure." The government even admits in its brief that the

6

statements "went beyond what was contemplated in the plea agreement."

The essence of the government's defense is that its statements did not affect the sentencing judge. However, in *Valencia*, we found a similar argument unpersuasive. *Id.* at 761. In *Valencia*, the government stipulated in the plea agreement that the defendant had accepted responsibility for his actions, but at sentencing, the government argued that the defendant had not truly accepted responsibility. *Id.* at 760-61. We rejected the government's argument on appeal that the breach of the plea agreement was harmless:

> The interest of justice and standards of good faith in negotiating plea bargains require reversal where a plea bargain is breached. *Santobello v. New York*, 404 U.S. at 262-63, 92 S. Ct. at 498-99. A lesser standard would permit the government to make a plea bargain attractive to a defendant, subsequently violate the agreement and then argue harmless error, thereby defrauding the defendant.

*Id.* at 761. Because we have determined that the government breached the plea agreement, we vacate Townley's sentence and remand for resentencing before a different judge, as required by *Valencia*.

### 3. errors in sentence calculation

Townley challenges the district court's calculation of his offense level, the district court's reasons for departing from the Sentencing Guidelines, and the extent of the departure. None

of these arguments are cognizable in a § 2255 action.  *See*

*Faubion*, 19 F.3d at 232-33.

### B.  *Rule 35 motion*

Townley filed a motion under Rule 35 of the Federal Rules of

Criminal Procedure, seeking a reduction of his sentence for

"substantial assistance in the investigation or prosecution of

another person who has committed an offense."  FED. R. CRIM. P.

35(b).  The district court denied Townley's motion because a

reduction under Rule 35 can be granted only "on motion of the

Government."  *Id.*  The government filed no such motion and is

under no duty to do so absent some express agreement.  *See United*

*States v. Aderholt*, 87 F.3d 740 (5th Cir. 1996).  No such

agreement exists in this case, and thus the district court did

not err in denying Townley's motion under Rule 35.

### III.  CONCLUSION

As to No. 96-30117, we AFFIRM.  As to No. 95-31026, we

VACATE Townley's sentence and REMAND for resentencing before a

different judge on the basis that the government breached the

plea agreement.  As to all other issues in No. 95-31026, we

AFFIRM.

8