**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

**No. 97-10238**

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**VERSUS**

**JOE PAUL GALINDO,**

**Defendant-Appellant.**

**Appeal from the United States District Court**
**For the Northern District of Texas**

**(5:96-CR-61-C-1)**

February 23, 1998

Before POLITZ, Chief Judge, HIGGINBOTHAM and DeMOSS, Circuit Judges.

DeMOSS, Circuit Judge:[*]

A federal grand jury indicted Joe Paul Galindo on counts of conspiracy, possession of a firearm with an obliterated serial number, possession of cocaine with intent to distribute, and money

---

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

laundering.  In a written plea agreement, Galindo agreed to plead guilty to all charges except conspiracy in exchange for dismissal of the conspiracy charge and the prosecution's agreement to request a sentence reduction for acceptance of responsibility.  The presentence report subsequently prepared for Galindo recommended an upward adjustment for obstruction of justice.  It further recommended against a downward adjustment for acceptance of responsibility because the commentary to the United States Sentencing Guidelines advises that such a reduction is ordinarily inconsistent with an increase for obstruction of justice.  The prosecution endorsed the presentence report and thereby failed to request a reduction in Galindo's sentence.  As a result of this alleged breach of the plea agreement, Galindo moved to retract his guilty plea.  The district court denied Galindo's motion, and instead sought to remedy the situation by allowing the government to withdraw its earlier adoption of the presentence report.  The court then sentenced Galindo, allowing a two-level reduction for acceptance of responsibility and imposing a sentence of imprisonment at the high end of the range prescribed by the guidelines. Galindo appealed the sentence. We vacate the sentence imposed by the district court and remand with instructions.

This Court reviews de novo a defendant's claim that his plea agreement was breached.  *See **United States v. Laday***, 56 F.3d 24, 25-26 (5th Cir. 1995).  A plea agreement has been breached if the

conduct of the prosecutors is inconsistent with the defendant's reasonable understanding of the plea agreement. *See United States v. Valencia*, 985 F.2d 758, 761 (5th Cir. 1993). In light of the government's ready endorsement of a presentence report which embodied recommendations inconsistent with the government's promise to recommend adjustment for acceptance of responsibility, it is plain that there was indeed a breach of the plea agreement.

The government's agreement that the acceptance-of-responsibility adjustment should apply was part of the inducement for Galindo to plead guilty, and it must therefore be fulfilled. *See Santobello v. New York*, 404 U.S. 257, 262 (1971). Once the government breached the plea agreement, the district court had limited options. The two possible remedies available to remedy the breach of a plea agreement are: (1) specific performance of the agreement, accomplished by resentencing before another judge; or (2) allowing the defendant to withdraw the guilty plea. *See id.* at 263. The course taken by the district court did not remedy the breach, and the aftermath is not susceptible to harmless-error analysis. *See Valencia*, 985 F.2d at 761.

Because the district court failed to provide Galindo either of the two permissible remedies for the government's breach of the plea agreement, we vacate Galindo's sentence and remand the case for further proceedings. The district court is instructed that, consistent with *Santobello*, it shall either transfer this case to

another judge for resentencing or permit Galindo to withdraw his guilty plea.

VACATED and REMANDED WITH INSTRUCTIONS.