IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 00-20837
Summary Calendar

———————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ARIES MENDEZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-99-CR-285-6
--------------------
June 1, 2001

Before SMITH, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Aries Mendez appeals her guilty plea conviction and sentence for conspiracy to import Methylenedioxymethamphetamine ("MDMA"). Mendez's motion for leave to adopt her co-defendant's not-yet-filed appellate arguments is DENIED.

Mendez asserts that her plea was not voluntary because the Government breached the written plea agreement that stipulated the drug quantity upon which Mendez's sentence would be based. Mendez asserts also that the district court erred in determining the drug

———————————

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

quantity for which she was held accountable and for denying her a decrease in her offense level for having a minimal participant's role in the conspiracy.

The record demonstrates that the plea agreement did not contain sentencing recommendations and that the plea agreement was not binding on the district court. Mendez entered a voluntary and informed guilty plea. *See United States v. Young*, 981 F.2d 180, 184 (5th Cir. 1993); *United States v. Valencia*, 985 F.2d 758, 760 (5th Cir. 1993) (Government's compliance with plea agreement is reviewed *de novo*).

Mendez has not shown that the district court's finding on drug quantity was clearly erroneous. *See Young*, 981 F.2d at 185. Mendez has not shown that the district court's finding that she did not have the role of a minimal participant was clearly erroneous. *See United States v. Valencia-Gonzales*, 172 F.3d 344, 346 (5th Cir. 1999), *cert. denied*, 528 U.S. 894 (1999).

AFFIRMED; MOTION DENIED.