IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-10007
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TERRY DON RADER,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:00-CR-191-ALL-T
--------------------
June 19, 2002

Before DeMOSS, PARKER, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Terry Don Rader, federal prisoner #08734-078, appeals his guilty-plea conviction and sentence for computer fraud, in violation of 18 U.S.C. § 1030(a)(4). Rader avers that (1) his plea was involuntary and that his sentence of 48 months' imprisonment was imposed in violation of the plea agreement and (2) the district court erred in (a) assessing a two-level increase, pursuant to U.S.S.G. § 3B1.3, based upon its finding

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that he had abused a position of trust; (b) assessing a four-level increase, pursuant to U.S.S.G. § 2F1.1, based on its finding that his fraudulent scheme substantially jeopardized the safety and soundness of a financial institution and/or his conduct affected a financial institution and he derived more than $1 million in gross receipts from the offense; (c) determining the amount of loss attributable to him for sentencing purposes; (d) failing to grant his request for a downward departure; and (e) determining the amount of restitution and in failing to determine his ability to pay. Rader further avers that counsel was ineffective for a variety of reasons and that the indictment was defective in light of Apprendi v. New Jersey, 530 U.S. 466 (2000) because it failed to allege an amount of loss.

Rader has failed to show that the imposition of his 48-month sentence constituted a breach of the plea agreement. United States v. Valencia, 985 F.2d 758, 760 (5th Cir. 1993). Although, as part of the plea agreement, the parties entered into a stipulation of applicable guidelines, which provided that the parties agreed that the court would not sentence Rader higher than an offense level of 21, the stipulation specifically provided, and Rader was advised at his plea hearing, that the stipulation was not binding on the court.

The district court did not plainly err in assessing a two-level increase, pursuant to U.S.S.G. § 3B1.3, based upon its finding that Rader had abused a position of trust. United States

v. Vonn, 122 S. Ct. 1043, 1043, 1046 (2002). The presentence report reflected that Rader occupied a position characterized by professional or managerial discretion. See U.S.S.G. § 3B1.3, application note 1. He was certainly subject to little, if any, supervision in his responsibilities. Moreover, Rader's position placed him in a superior position to commit the crime, and he took advantage of that superior position to facilitate and conceal the crime. United States v. Reeves, 255 F.3d 208, 212 (5th Cir. 2001). Lastly, the presentence report demonstrated that Rader used his special knowledge of the inventory and trading accounts and of the data-entry systems to facilitate and hide his fraudulent activities.

The district court also did not err in assessing a four-level increase, pursuant to U.S.S.G. § 2F1.1, based on its finding that Rader's fraudulent scheme substantially jeopardized the safety and soundness of a financial institution and/or his conduct affected a financial institution and he derived more than $1 million in gross receipts from the offense. The evidence before the district court showed that Southwest Securities, upon its discovery of Rader's fraud, required a payment from Weber Investment of $2.4 million. Because Weber Investment could not come up with the funds, Garry Weber, as the company's guarantor, paid the $2.4 million to Southwest. If he had not done so, Weber Investment would have been shut down. Accordingly, there was evidence on which the district court could find that Rader's

scheme put Weber Investment in substantial jeopardy of insolvency or even dissolution, which was enough, under U.S.S.G. § 2F1.1(b)(6)(A) and its commentary, to qualify Rader for the enhancement.

Moreover, the evidence was sufficient to show that Weber Investment and Southwest Securities were each "affected" by the crime under U.S.S.G. § 2F1.1(b)(6)(B).  Southwest, although not financially affected by Rader's actions, certainly was affected i.e., Rader's fraudulent activities caused Southwest to unknowingly submit false financial reports to the Federal Reserve Bank and caused it to have inventory accounts which were false and incorrect.  Weber Investment was also affected in that it was required to repay Southwest, albeit the money coming from Garry Weber.  The affidavit evidence also showed that Rader derived more than $1 million in gross receipts from the scheme.

Rader avers that the district court erred in a finding that the amount of loss attributable to him for sentencing purposes totaled $2.4 million.  The district court did not clearly err in its loss calculation.  United States v. Wimbish, 980 F.2d 312, 313 (5th Cir. 1992).  The fact that Rader repaid Weber Investment $1.2 million is of no moment.  Payments of restitution may not be used to reduce the amount of loss.  United States v. Cockerham, 919 F.2d 286, 289 (5th Cir. 1990), overruled on other grounds, United States v. Calverley, 37 F.3d 160, 162-64 (5th Cir. 1994) (en banc).

With respect to Rader's assertion that the district court erred by denying his motion for a downward departure, we do not have jurisdiction to review the matter because the district court's refusal to depart downward was based on its determination that departure was not warranted on the facts of the case. United States v. Guajardo, 950 F.2d 203, 208 (5th Cir. 1991).

Rader avers that the district court erred in ordering restitution in the amount of $2.4 million. There was ample evidence before the court supporting the amount of the restitution. The district court did not abuse its discretion in requiring Rader to pay restitution in the amount of $2.4 million. United States v. Myers, 198 F.3d 160, 168 (5th Cir. 1999).

Rader's contention that the district court erred when it ordered him to make restitution without considering his ability to pay is also without merit. Rader's restitution was based upon 18 U.S.C. § 3663A, which makes restitution mandatory for offenses involving fraud without consideration of the defendant's ability to pay. See 18 U.S.C. § 3663A(a)(1); Myers, 198 F.3d at 168.

With regard to Rader's ineffective-assistance-of-counsel claims, the court will not address these claims because the record is inadequate to enable the court to evaluate the claims fairly on the merits. United States v. Scott, 159 F.3d 916, 924 (5th Cir. 1998); United States v. Higdon, 832 F.2d 312, 313-14 (5th Cir. 1987). Rader's argument regarding the application of Apprendi is also without merit because he was sentenced below the

statutory maximum.  See United States v. Doggett, 230 F.3d 160, 166 (5th Cir. 2000), cert. denied, 531 U.S. 1177 (2001).

Given the foregoing, Rader's conviction and sentence are AFFIRMED.  In light of the disposition of the appeal, his motion for release pending appeal is denied as MOOT.

AFFIRMED; MOTION FOR RELEASE PENDING APPEAL DENIED AS MOOT.