IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 01-20874

Summary Calendar

---

UNITED STATES OF AMERICA,

                                            Plaintiff-Appellee,

                              versus

CHARLES J. KLUTTS,

                                            Defendant-Appellant.

---

Appeal from the United States District Court
For the Southern District of Texas
(00-CR-624)

---

November 25, 2002

Before HIGGINBOTHAM, SMITH and CLEMENT, Circuit Judges.

PER CURIAM:[*]

     Charles J. Klutts appeals the sentence imposed following his guilty plea to possession of child pornography.  As his sole ground for appeal, Klutts contends that the Government breached an oral plea agreement not to oppose a downward departure from the sentencing guidelines.  Klutts had argued at sentencing for a

---

     [*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

downward departure that would have substituted community confinement for incarceration. The Government opposed a sentence that did not include incarceration. The district court sentenced Klutts to 27 months' incarceration, the lowest end of the applicable guideline range.

Under the plain error standard, Klutts has not met his burden of showing that, by opposing a sentence that did not include incarceration, the Government breached an agreement that was part of the inducement or consideration for Klutts' guilty plea.[1] A sentence that did not include incarceration was not contemplated by the parties when they entered the plea agreement, and therefore was not an inducement to the defendant pleading guilty. Because the defendant was not eligible for the downward departure in any event, he suffered no harm.

Moreover, there was no breach of the oral plea agreement occasioned by the Government's statement at sentencing that the Government would not support a downward departure in a child pornography case but would leave the departure decision to the district court's discretion. A lack of support is not inconsistent with a promise not to oppose a sentence at the low end of the sentencing range, the promise on which the defendant relied in entering a guilty plea.

---

[1] *See United States v. Reeves*, 255 F.3d 208, 210 (5th Cir. 2001); *United States v. Wittie*, 25 F.3d 250, 262 (5th Cir. 1994); *United States v. Valencia*, 985 F.2d 758, 761 (5th Cir. 1993).

AFFIRMED.