# IN THE UNITED STATES COURT OF APPEALS

## FOR THE FIFTH CIRCUIT

_____

No.95-10045
(Summary Calendar)
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

RICHARD CRENSHAW,

Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Texas
(3:94-CR-242-H(01))

November 22, 1995

Before JOLLY, JONES,  and STEWART, Circuit Judges.

PER CURIAM:[*]

Richard A. Crenshaw pled guilty to one count of wire fraud and was sentenced to 16 months'
imprisonment.  He appeals the denial of the Government's motion for downward departure pursuant
to U.S.S.G. §5K1.1, claiming that the district court erred in finding that it lacked authority to depart
downward without factual support for the motion, and that the prosecution breached its plea
agreement by failing to provide that factual support.  Finding no plain error, we AFFIRM.

## FACTS

_____

Local Rule 47.5 provides:  "The publication of opinions that have no precedential value and
merely decide particular cases on the basis of well-settled principles of law imposes needless expense
on the public and burdens on the legal profession." Pursuant to that Rule, the Court has determined
that this opinion should not be published.

**1**

The facts of Crenshaw's offense are not relevant to the issues presented in this appeal, but the text of his plea agreement is. In the plea agreement, the government agreed to file a §5K1.1 motion for downward departure if Crenshaw's cooperation rose to the level of substantial assistance; however, the agreement cautioned that the decision whether to file the motion was "within the sole discretion of the government." The Government further agreed to "advise the Court via the Probation Department, of the extent of the defendant's cooperation." The Government did file the motion, but that motion did not contain any details regarding the type or extent of Crenshaw's cooperation, other than the fact that he had "provided forthright and detailed information" and was willing to testify at an upcoming trial in a companion case. The U.S. Attorney present at the sentencing hearing was not the one who had filed the motion, and was not aware of the circumstances establishing Crenshaw's cooperation. Moreover, the Presentence Report (PSR) did not indicate whether the Government actually advised Probation of Crenshaw's cooperation. The PSR states that no factors warrant departure, that the Government is making no recommendation, and that there is no indication that the plea agreement affects the guidelines.

At sentencing, the district court denied the §5K1.1 motion without prejudice finding that the motion was premature. The district court noted that the defendant in one connected trial had pleaded guilty two weeks before Crenshaw's sentencing, and that another connected trial was still pending. Based on what was before it, the court concluded that the motion for downward departure did not meet the specificity requirements of §5K1.1, and denied the motion subject to renewal once the proceedings in the remaining connected case were completed. Crenshaw appeals the denial, claiming that the district court erred in finding that it lacked authority to depart downward. He also claims that the prosecution breached its plea agreement by failing to advise the Probation Department about the specifics of his substantial assistance and by failing to send an informed prosecutor to the sentencing hearing.

DISCUSSION

2

The district court did not conclude that it lacked authority to depart downward, it merely stated that the §5K1.1 motion was premature and suggested that it be renewed at a later date, apparently in contemplation of subsequent assistance by Crenshaw with regard to the remaining connected trial.

Under Fed. R. Crim. P. 52(b), this court may correct forfeited errors only when the appellant shows the following factors: (1) there is an error, (2) that is clear or obvious, and (3) that affects his substantial rights. United States v. Calverley, 37 F.3d 160, 162-64 (5th Cir. 1994)(en banc)(citation omitted). Crenshaw neither objected to the district court's suggestion of Governmental renewal nor moved to continue sentencing to a later date when the attorney who had filed the §5K1.1 motion could be present. Nor did he claim below that the Government had breached its agreement by failing to advise the Probation Department as promised. Thus, this issue must be reviewed for plain error.

A court's denial of a §5K1.1 motion is discretionary, and this Court does not have appellate jurisdiction to review that denial. U.S. v. DiMarco, 46 F.3d 476, 477-78 (5th Cir. 1995). Moreover, the background note to U.S.S.G. §5K1.1 requires that the sentencing judge "must...state the reasons for reducing a sentence under this section." The sentencing judge found that he did not have enough information to be able to do that, and therefore denied the motion subject to renewal.

Crenshaw also argues that the district court erred in structuring this as a post-sentencing motion. He argues that a district court, while it may consider a motion for downward departure filed after sentencing, may do so only if subsequent assistance is the reason for the delay of the motion. See U.S. v. Palomo, 998 F.2d 253, 255-57 (5th Cir.), cert. denied, 114 S.Ct. 358 (1993). His argument is unavailing because the court denied the motion without prejudice in anticipation of Crenshaw's subsequent help in the remaining trial, although it was also implicitly recognizing that further information regarding the basis for the §5K1.1 motion would be provided in a renewal. Thus, the district court's denial of the  motion without prejudice was well reasoned and was not an abuse of discretion.

Because Crenshaw did not raise the issue below concerning the Government's alleged breach

of the plea agreement, this court has the discretion to correct this forfeited error only if it is plain error, and only where that error seriously affects the fairness, integrity, or public reputation of judicial proceedings. See United States v. Olano, 113 S.Ct. 1770, 1776-79 (1993). Whether the Government's conduct violates the terms of a plea agreement is a question of law, and is determined by examining "whether the government's conduct is consistent with the parties' reasonable understanding of the agreement." United States v. Valencia, 985 F.2d 758, 760-61 (5th Cir. 1993). The defendant bears the burden of proving the facts establishing a breach by a preponderance of the evidence. United States v. Watson, 988 F.2d 544, 548 (5th Cir. 1993), cert. denied, 114 S.Ct. 698 (1994).

The Government was not obligated to file a §5K1.1 motion in the first place, but it did file one. Furthermore, the Government had agreed to "advise the court, via the Probation Department, of the extent of Crenshaw's cooperation, and this, apparently it did not do. The issue, therefore, is whether, once having filed, the Government had some duty to adequately advocate the motion. Arguably, Crenshaw has established by a preponderance of the evidence that the government breached its agreement by failing to inform the Probation Department of the substantiating facts for the §5K1.1 motion. Moreover, this error affected his substantial rights because it resulted in his being assessed an offense level of 13 rather than 11 -- though even that could have been corrected by a timely renewal of the §5K1.1 motion upon completion of the connected trial. However, this error was not so conspicuous that "the trial judge and prosecutor were derelict in countenancing [them], even absent the defendant's timely assistance in detecting [them]." Calverley, 37 F.3d at 163 (citation omitted). Said another way, this court should not exercise its discretion to correct the error because it is not one that "'seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." Olano, 113 S. Ct. At 1776 (citation omitted). Finding no plain error, we AFFIRM the district court's sentence.