# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 18, 2009

Charles R. Fulbruge III
Clerk

No. 09-40242
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SERGIO GUADALUPE VILLARREAL-RODRIGUEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:08-CR-235-1

Before GARZA, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Sergio Guadalupe Villarreal-Rodriguez (Villarreal) appeals his conviction and sentence for illegal reentry following deportation. Villarreal was sentenced to 88 months of imprisonment and a three-year term of supervised release.

Villarreal argues that his guilty plea and the appeal waiver contained therein are invalid because the Government breached the plea agreement when it failed to recommend at sentencing that he receive maximum credit for acceptance of responsibility. The Government concedes that the plea agreement

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

was breached and does not oppose a remand for resentencing. The Government's breach, however, does not retroactively cause Villarreal's guilty plea to be unknowing and involuntary. *See Puckett v. United States*, 129 S. Ct. 1423, 1430 (2009).

Villarreal's appeal waiver does not affect his ability to raise a breach argument. *See United States v. Keresztury*, 293 F.3d 750, 757 (5th Cir. 2002). Where, as here, there was no objection to the breach of the plea agreement at sentencing, the issue is reviewed for plain error. *Puckett*, 129 S. Ct. at 1428-33. To show plain error, the appellant must show a forfeited error that is clear or obvious and that affects his substantial rights. *Id*. at 1429. If the appellant makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id*.

"In determining whether the terms of the plea bargain have been violated, [this] court must determine whether the government's conduct is consistent with the parties' reasonable understanding of the agreement." *United States v. Gonzalez*, 309 F.3d 882, 886 (5th Cir. 2002) (internal quotation marks omitted). The Government breached the plea agreement in this case by failing to recommend that Villarreal receive maximum credit for acceptance of responsibility. This error was both clear and obvious. Because Villarreal did not receive the benefit contemplated in his agreement, there is no indication that the district court would not have granted credit for acceptance of responsibility had the Government requested it, and the grant of such credit would have lowered Villarreal's guidelines sentencing range significantly, we conclude that Villarreal's substantial rights were affected. *See id*. at 1432-33 & n.4. We exercise our discretion to VACATE Villarreal's sentence and REMAND his case to the district court for resentencing.