**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 3, 2011

Lyle W. Cayce
Clerk

No. 10-41024
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MARCOS AVALOS,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:09-CR-865-3

Before WIENER, GARZA,  and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Marcos Avalos appeals the sentence imposed following his plea of guilty pursuant to a plea agreement for possession of more than 100 kilograms of marijuana with intent to distribute.  On appeal, Avalos asserts for the first time that the government breached its plea agreement with him by not recommending that he receive full credit for acceptance of responsibility and that the breach amounted to plain error.  Avalos maintains that the government's express promise in the plea agreement to recommend that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

he receive such credit included the implicit promise not to seek enhancement for obstruction of justice because such an enhancement generally precludes a reduction for acceptance of responsibility. He contends that, at sentencing, the government adopted the guidelines sentence range calculation set forth in the presentence report (PSR), which did not include a reduction for acceptance of responsibility, by recommending a sentence of 108 months of imprisonment, thereby breaching the provision in the plea agreement requiring it to recommend that he receive full credit for his acceptance. Avalos asserts that the inclusion of the plea agreement provision in the PSR did not sufficiently fulfill the government's promise to recommend that he receive full credit because the government urged the opposite at sentencing. He insists that the breach of the plea agreement was clear and obvious error, that the error affected his substantial rights, and that the error seriously affected the fairness of his sentencing. Avalos concludes that he is entitled to specific performance of the plea agreement and that we should vacate his sentence and remand this case for resentencing before a different judge.

Avalos's appeal waiver does not prevent him from raising his claim that the government breached the plea agreement. *See United States v. Keresztury*, 293 F.3d 750, 756-57 (5th Cir. 2002). As Avalos did not raise this claim in the district court, however, we review it for plain error only. *See Puckett v. United States*, 556 U.S. 129, 129 S. Ct. 1423, 1428-33 (2009). To establish plain error, Avalos must show a forfeited error that is clear or obvious and that affects his substantial rights. *See id.* at 1429. If he makes such a showing, we have the discretion to correct the error, but we shall do so only if such error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See id.*

The inclusion in the PSR of the government's recommendation that Avalos receive full credit for acceptance of responsibility satisfied the government's promise to make such a recommendation. *See United States v. Reeves*, 255 F.3d

No. 10-41024

208, 210 (5th Cir. 2001).  The government had a duty at sentencing "to insure [sic] that the court ha[d] complete and accurate information concerning the defendant, thereby enabling the court to impose an appropriate sentence." *Id.* at 211 (internal quotation marks and citation omitted).  Thus, the government's tendering as exhibits the documents obtained by the probation officer was an "effort to provide relevant factual information" that was not "tantamount to taking a position on the sentence" and did "not violate the plea agreement." *Id.* (internal quotation marks and citation omitted).  Even though the government did restate the guidelines sentence range found by the probation officer and, as required by the plea agreement, recommended a sentence at the low end of that range, this occurred after the district court had already overruled Avalos's objection to the enhancement for obstruction of justice and denial of a reduction for acceptance of responsibility.  Therefore, the government's statement cannot be interpreted as an attempt to persuade the district court to apply the enhancement for obstruction of justice and deny a reduction for acceptance of responsibility.  "Considering the absence of any argument by the government regarding the" application or denial of a reduction for acceptance of responsibility "or of any express promise in the plea agreement that the government's statement plainly violated, the sentence is not plain error." *Id.* at 211-12.  Avalos's reliance on *United States v. Munoz*, 408 F.3d 222 (5th Cir. 2005), *United States v. Valencia*, 985 F.2d 758 (5th Cir. 1993), and *United States v. Villarreal-Rodriguez*, 356 F. App'x 759 (5th Cir. 2009), is misplaced because, in each of those cases, and unlike in the present case, the government breached the plea agreement by affirmatively advocating a position contrary to one it had promised to make in the plea agreement.  *See Munoz*, 408 F.3d at 227; *Valencia*, 985 F.2d at 760-61; *Villarreal-Rodriguez*, 356 F. App'x at 761.

AFFIRMED.

3