# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 6, 2011

No. 11-50067
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ROGELIO ANDRES BARBOZA-MALDONADO,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:09-CR-99-1

Before JONES, Chief Judge, and PRADO and ELROD, Circuit Judges.

PER CURIAM:[*]

Rogelio Barboza-Maldonado pleaded guilty, pursuant to a written plea agreement, to possession of five or more kilograms of cocaine with intent to distribute and received a 151-month prison sentence to be followed by five years of supervised release. On appeal, Barboza-Maldonado argues that the Government breached the terms of the plea agreement. He also contends that the district court erred by denying him credit for acceptance of responsibility.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-50067

As Barboza-Maldonado concedes, he did not object based on a breach of the plea agreement in the district court; thus, our review is for plain error only. *See Puckett v. United States*, 129 S. Ct. 1423, 1428-33 (2009). When determining whether the Government violated the terms of a plea agreement, we must consider "whether the government's conduct is consistent with the defendant's reasonable understanding of the agreement." *United States v. Lewis*, 476 F.3d 369, 387-88 (5th Cir. 2007) (*citing United States v. Valencia*, 985 F.2d 758, 761 (5th Cir. 1993).

Barboza-Maldonado specifically asserts that his plea agreement limited him to being punished solely for the offense charged and that by failing to mention that relevant conduct not included in the factual resume could be used to enhance his sentence, the Government breached its agreement not to criminally prosecute him for other acts arising from the conduct charged. He further contends that the Government breached its obligation to move for an additional point reduction for acceptance of responsibility.

The Government never promised to refrain from using relevant conduct, where appropriate, to calculate the offense level. The plea agreement provided that the sentence "may be determined in accordance with the . . . Sentencing Guidelines . . . based on information the Government and Defendant provide the Court." Section 1B1.3(a) of the United States Sentencing Guidelines provides that relevant conduct shall be considered when determining the defendant's base offense level. It is well established that non-adjudicated offenses may be considered relevant conduct under the Guidelines. *United States v. Brummett*, 355 F.3d at 343, 344 (5th Cir. 2003); *see also* U.S.S.G. §1B1.1, comment. (n.1(H)) (defining "offense" to include "the offense of conviction and all relevant conduct under § 1B1.3"). Moreover, the inclusion of relevant conduct in the calculation of the guidelines sentencing range is not a violation of the Government's agreement not to prosecute a defendant for additional offenses. *See United States v. Hoster*, 988 F.2d 1374, 1378 (5th Cir. 1993).

No. 11-50067

In addition, the Government was under no obligation to move for the additional point reduction because it agreed to make such a motion only if Barboza-Maldonado was entitled to a two-level reduction for acceptance of responsibility pursuant to United States Sentencing Guidelines § 3E1.1(a). The district court concluded that Barboza-Maldonado was not entitled to such a reduction. Barboza-Maldonado has not demonstrated that his interpretation of the plea agreement was reasonable, *see Lewis*, 476 F.3d at 387-88; thus, he has not shown plain error with respect to his claim that the Government breached the plea agreement. *See Puckett*, 129 S. Ct. at 1429.

The plea agreement contained a provision wherein Barboza-Maldonado waived the right to challenge his guilty plea or the sentence imposed, either on direct appeal or on collateral review, except where he alleged prosecutorial misconduct or ineffective assistance of counsel. The record reveals that Barboza-Maldonado knowingly and voluntarily waived his right to appeal; therefore, he cannot challenge the district court's denial of a reduction for acceptance of responsibility unless he can demonstrate that the Government breached the plea agreement. *See United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005) (citing *United States v. McKinney*, 406 F.3d 744, 746-47 (5th Cir. 2005)); *United States v. Gonzalez*, 309 F.3d 882, 886 (5th Cir. 2002).

The record further reveals that the Government complied with all of its obligations under the plea agreement by not bringing any additional criminal charges, not contesting Barboza-Maldonado's eligibility for an acceptance of responsibility reduction, and by moving for dismissal of any remaining counts of the indictment. Accordingly, because Barboza-Maldonado's sentencing issue is barred by a valid appeal waiver provision, we decline to address the merits of his argument. *See United States v. Sanchez Guerrero*, 546 F.3d 328, 335 (5th Cir. 2008); *Bond*, 414 F.3d at 546.

AFFIRMED.

3