# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 28, 2013

Lyle W. Cayce
Clerk

No. 12-31054
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MOROCCO SHAMARLOS PORTER,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:12-CR-96-1

Before HIGGINBOTHAM, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Morocco Shamarlos Porter pleaded guilty to being a felon in possession of a firearm and to possessing a firearm in relation to a drug trafficking offense. *See* 18 U.S.C. §§ 924(c)(1), 922(g)(1).  He first argues that the Government breached the plea agreement by introducing evidence at sentencing to support the application of an obstruction of justice enhancement and advocating in favor of its application.  The Government's conduct was not inconsistent with a reasonable reading of its promise not to prosecute Porter for additional offenses.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*See United States v. Valencia*, 985 F.2d 758, 761 (5th Cir. 1993).   Such an agreement does not include a promise to withhold aggravating information from the court during sentencing proceedings for the offense of which the defendant pleaded guilty.   *United States v. Hoster*, 988 F.2d 1374, 1378 (5th Cir. 1993); *United States v. Rodriguez*, 925 F.2d 107, 112 (5th Cir. 1991).

For the first time on appeal, Porter argues that the obstruction of justice enhancement should not have been applied in his case because it was imposed in violation of *United States v. Booker*, 543 U.S. 220 (2005).   Porter's sentence does not violate *Booker* because it was imposed under the post-*Booker* advisory Guidelines system.   *See United States v. Mares*, 402 F.3d 511, 518-19 (5th Cir. 2005).   He has not shown any error, plain or otherwise.   *See Puckett v. United States*, 556 U.S. 129, 135 (2009).

Next, Porter argues that the district court miscalculated his criminal history by assigning him two points each for four misdemeanor convictions. However, he has not shown that the district court erred in applying U.S.S.G. § 4A1.1(b)(1) based on the maximum term of imprisonment imposed for those offenses rather than on the amount of time Porter actually served.   *See United States v. Cervantes*, 706 F.3d 603, 620 (5th Cir. 2013).

Finally, Porter argues for the first time on appeal that his sentence is substantively unreasonable in light of the district court's procedural errors. Because Porter has not shown any procedural error, this argument fails. Furthermore, we will not consider Porter's argument, raised for the first time in his reply brief, that his sentence is substantively unreasonable.   *See United States v. Prince*, 868 F.2d 1379, 1386 (5th Cir. 1989).

AFFIRMED.