# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 4, 2013

Lyle W. Cayce
Clerk

No. 12-51022
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ADRIAN NUNEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:10-CR-2465-1

Before REAVLEY, JONES, and PRADO, Circuit Judges.

PER CURIAM:[*]

Adrian Nunez appeals his conviction and 264-month sentence for conspiracy to possess with the intent to distribute five or more kilograms of cocaine. Nunez pleaded guilty pursuant to a plea agreement that contained a stipulation by the parties that Nunez should be held responsible for 16 kilograms of cocaine for sentencing purposes. On appeal, he contends that his guilty plea was not knowing or voluntary because the district court failed to

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

admonish him that the court was not bound to the stipulation as set forth in the plea agreement.

Because Nunez did not object on this ground in the district court, we review for plain error. *See United States v. Vonn*, 535 U.S. 55, 58-59 (2002). To prevail on plain-error review, a defendant must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If these factors are established, the decision to correct the forfeited error is within our sound discretion, which will not be exercised unless the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

Whether a plea is knowing looks to whether the defendant understands the direct consequences of his plea, while voluntariness looks to, inter alia, whether the plea was induced by threats or improper promises. *United States v. Hernandez*, 234 F.3d 252, 255 & n.3 (5th Cir. 2000). In the instant case, the district court explained the maximum prison term to Nunez, which was life imprisonment. The court also reviewed the stipulation regarding the amount of cocaine for which Nunez would be held responsible and advised Nunez that he could receive a sentence more severe than the guidelines range. Nunez indicated his understanding. The signed plea agreement specifically provided that the court was not bound by the stipulation of the parties regarding the guidelines calculation. With respect to voluntariness, Nunez affirmed under oath that he was pleading guilty voluntarily and not as the result of promises, threats, or force. Nunez has not shown any error, and certainly not clear or obvious error, by the district court in conducting the plea colloquy. *See Puckett*, 556 U.S. at 135. Moreover, he has not shown a reasonable probability that the alleged error affected his decision to plead guilty. *See United States v. Dominguez Benitez*, 542 U.S. 74, 76 (2004). This issue is without merit.

Nunez also contends that the Government breached the plea agreement by failing to object to the district court's determination that Nunez was

responsible for 92.7 kilograms of cocaine and failing to argue that he should be held responsible for only 16 kilograms of cocaine as provided in the plea agreement. Nunez may have waived this issue by arguing in his objections to the Presentence Report (PSR) that he was responsible for 92.7 kilograms of cocaine rather than the 392.7 kilograms assigned by the PSR. *See United States v. Fernandez-Cusco*, 447 F.3d 382, 384 (5th Cir. 2006). We do not resolve the issue because, as discussed below, Nunez's arguments fail under the plain error standard. *See id.*; *Puckett*, 556 U.S. at 135.

To assess whether a plea agreement has been violated, this court considers whether "the government's conduct is consistent with the defendant's reasonable understanding of the agreement." *United States v. Valencia*, 985 F.2d 758, 761 (5th Cir. 1993). Although the plea agreement provided the stipulation regarding the amount of cocaine for which Nunez was held responsible, it also stated that the court was not bound by the stipulation. The plea agreement explained that the court was authorized to impose any sentence up to the statutory maximum and that Nunez could not challenge the sentence imposed in the event that the court imposed a sentence more severe than that predicted by the Government. There is no language in the agreement requiring the Government to object to a determination by the probation officer or the court that Nunez was responsible for an amount of cocaine greater than 16 kilograms. Therefore, Nunez has shown no clear or obvious error with respect to his contention that the Government's silence was a breach of the agreement. *See Valencia*, 985 F.2d at 761. Further, given the court's comments at sentencing that Nunez's own admissions indicated he was responsible for more than 300 kilograms of cocaine, Nunez cannot show that there is a reasonable probability he would have received a lesser sentence but for the alleged breach. *See Puckett*, 556 U.S. at 142 n.4.

The judgment of the district court is AFFIRMED.