# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
January 8, 2021

Lyle W. Cayce
Clerk

No. 20-40186
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

RAHUL RAMESH JOSHI,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:19-CR-188-1

Before CLEMENT, HIGGINSON, and ENGELHARDT, *Circuit Judges*.
PER CURIAM:*

Rahul Ramesh Joshi appeals the 48-month, above-guidelines range sentence imposed upon his guilty plea to sending threatening communications to injure another. Joshi contends that the Government breached the plea agreement by (1) not moving for a third acceptance-of-

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

responsibility point under U.S.S.G. § 3E1.1(b) and (2) moving for an upward variance. Finding no clear or obvious error, we affirm. *See Puckett v. United States*, 556 U.S. 129, 135 (2009); *United States v. Hebron*, 684 F.3d 554, 558 (5th Cir. 2012).

The Government did not clearly or obviously breach the plea agreement by not moving for a third acceptance-of-responsibility point because Joshi stipulated to a pre-§ 3E1.1 offense level (14) that was lower than the threshold required by § 3E1.1(b) to receive one (16). *See* § 3E1.1(b). Thus, Joshi's asserted understanding of the plea agreement as mandating the Government to seek a third acceptance-of-responsibility point does not suffice to show clear or obvious breach. *See United States v. Wittie*, 25 F.3d 250, 262 (5th Cir. 1994); *United States v. Valencia*, 985 F.2d 758, 761 (5th Cir. 1993).

There was likewise no clear or obvious breach in the Government's moving for an upward variance. *See Puckett*, 556 U.S. at 135. The plea agreement did not expressly bar the Government from seeking a variance. *See United States v. Purser*, 747 F.3d 284, 290 (5th Cir. 2014). Although Joshi argues that he understood the plea agreement to *implicitly* prohibit the Government from so doing by specifying that the parties could argue for various adjustments to the sentencing range, his understanding is not a reasonable one. *See Valencia*, 985 F.2d at 761. The language at issue governed the calculation of Joshi's guidelines range. A variance is a *non*guidelines sentence based on 18 U.S.C. § 3553(a). *See Irizarry v. United States*, 553 U.S. 708, 714 (2008). Reasonably understood, then, the plea agreement did not bar either party from seeking a variance, which Joshi himself did at sentencing. He may not now contend that he understood the plea agreement to say otherwise.

The judgment is AFFIRMED.