IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-40507
Summary Calendar

_____


UNITED STATES OF AMERICA

      Plaintiff - Appellee

  v.

RODNEY JOE NEWBERRY

      Defendant - Appellant


- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:99-CR-60-1
- - - - - - - - - -
February 7, 2001

Before KING, Chief Judge, and JONES and STEWART, Circuit Judges.

PER CURIAM:[*]

    Rodney Joe Newberry appeals his guilty-plea conviction and sentence for possession of child pornography, a violation of 18 U.S.C. § 2252(a)(4)(B).  For the first time on appeal, Newberry argues that the Government breached its plea agreement with him by seeking to have him held accountable, for sentencing purposes, for more pornographic images than he admitted to possessing as part of the agreement.

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The breach claim is raised for the first time on appeal and is thus subject to review only for plain error.  See United States v. Calverley, 37 F.3d 160, 162-64 (5th Cir. 1994) (en banc).  Moreover, Newberry fails to acknowledge that, as part of his plea agreement, he "waive[d] any appeal . . . of any error which may occur surrounding the substance, procedure, or form of the conviction and sentencing in this case."  Under the amended FED. R. CRIM. P. 11(c)(6), however, the district court was required to advert to the waiver-of-appeal provision at Newberry's sentencing proceeding.  It is not clear that the court did so.

In any event, Newberry's substantive contention is frivolous.  Pursuant to the terms of the plea agreement, Newberry acknowledged that "the Government may argue to the [sentencing] Court and probation that additional relevant conduct, aside from that set out in the factual resume, should be considered in determining NEWBERRY's sentence."  Newberry has not remotely shown that "'the government's conduct [was] [in]consistent with [his] reasonable understanding of the agreement.'"  See United States v. Saling, 205 F.3d 764, 766 (5th Cir. 2000) (citation omitted).  There is no error, plain or otherwise.

The conviction and sentence are AFFIRMED.