IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-40510
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ERNESTO ALONZO RAMIREZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-98-CR-620-1
--------------------
May 16, 2001

Before DAVIS, JONES, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Ernesto Alonzo Ramirez pleaded guilty to a continuing criminal enterprise and conspiracy to launder monetary instruments. He challenges the district court's denial of his motion to withdraw his guilty plea. He argues that the plea agreement became unworkable and that the Government breached the plea agreement by refusing to file a motion for a downward departure based on his substantial assistance pursuant to § 5K1.1 of the United State Sentencing Guidelines. Because Ramirez acknowledged that he did not fully cooperate with the Government

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

as required by the plea agreement, the Government did not breach the plea agreement by refusing to file a § 5K1.1 motion.  See United States v. Saling, 205 F.3d 764, 766 (5th Cir. 2000).  Ramirez has not shown that the district court abused its discretion in denying his motion to withdraw his guilty plea.  See United States v. Grant, 117 F.3d 788, 789 (5th Cir. 1997).

Ramirez also challenges the district court's calculation of his offense level.  In his plea agreement, Ramirez waived the right to appeal his sentence on any ground.  A review of the record indicates that the waiver was knowing and voluntary and, therefore, the waiver is enforceable.  See United States v. Portillo, 18 F.3d 290, 293 (5th Cir. 1994).  Therefore, Ramirez may not challenge his sentence in this appeal.

The Government's motion for leave to supplement the record and to unseal the written plea agreement is denied as unnecessary.

AFFIRMED; MOTION DENIED.