**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**September 29, 2003**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 02-11326
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RAUL HERRERA,

Defendant-Appellant.

No. 02-11327

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LAZARO HERRERA, JR.,

Defendant-Appellant.

--------------------
Appeals from the United States District Court
for the Northern District of Texas
USDC No. 3:01-CR-352-2-D
--------------------

Before JONES, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:*

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Raul Herrera and Lazaro Herrera, Jr., pleaded guilty to one count of conspiracy to possess 500 grams of methamphetamine. The Herreras argue that the district court abused its discretion when it denied their motions to withdraw their guilty pleas, that their guilty pleas were based upon an oral promise that the Government would recommend a two-offense-level downward departure if all the defendants charged in the indictment pleaded guilty, and that the Government breached its oral promise.

The oral promise was not discussed at the plea hearing. See FED. R. CRIM. P. 11(e)(2) (2002); Santobello v. New York, 404 U.S. 257, 261-62 (1971); United States v. Coscarelli, 149 F.3d 342, 345 (5th Cir. 1998) (en banc). The record supports the district court's finding that, even if the Government had made the oral promise, that promise was not part of the plea bargain discussed and accepted by the parties and the court at the plea hearing and that the Herreras' pleas were not involuntary based upon an unkept promise. The district court's determination that, in light of the totality of the circumstances, the Herreras were not entitled to withdraw their pleas was not an abuse of discretion. See United States v. Grant, 117 F.3d 788, 789 (5th Cir. 1997); United States v. Carr, 740 F.2d 339, 343-44 (5th Cir. 1984). Nor have the Herreras established a breach of their plea agreements. See United States v. Saling, 205 F.3d 764, 766 (5th Cir. 2000).

The district court's denial of the Herreras' motions to withdraw their guilty pleas and their guilty-plea convictions are AFFIRMED.