United States Court of Appeals
Fifth Circuit

**F I L E D**

May 15, 2006

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-40555
Summary Calendar

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

OSAMA HAROON SATTI,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:04-CR-25-ALL
--------------------

Before SMITH, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

    Osama Haroon Satti appeals his conviction and sentence for being an illegal alien in possession of a firearm. He argues that (1) the Government violated the plea agreement, (2) the district court clearly erred in imposing a four-level enhancement pursuant to U.S.S.G. § 2K2.1(b)(1)(B) (2003), and (3) the district court's non-Guideline sentence was unreasonable.

    We review de novo whether the Government's conduct violated the terms of the plea agreement, United States v. Saling, 205

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

F.3d 764, 766 (5th Cir. 2000), and hold that the Government's conduct was consistent with the parties' reasonable understanding of the agreement's upward-departure notice provision. See United States v. Wilder, 15 F.3d 1292, 1295 (5th Cir. 1994). Satti's breach argument therefore fails.

Reviewing the district court's § 2K2.1(b)(1)(B) enhancement for clear error, United States v. Creech, 408 F.3d 264, 270 n.2 (5th Cir.), cert. denied, 126 S. Ct. 777 (2005), we hold that the district court's finding that Satti unlawfully sought to obtain between eight and twenty-four firearms was plausible in light of the record as a whole. See § 2K2.1(b)(1)(B), comment. (n.9); United States v. Cooper, 274 F.3d 230, 238 (5th Cir. 2001).

Finally, the district court followed the proper procedure for imposing a non-Guideline sentence, and its fact-specific reasons were consistent with the 18 U.S.C. § 3553(a) factors. See United States v. Smith, 440 F.3d 704, 707 (5th Cir. 2006). The length of time that Satti had been illegally residing in this country at the time of the offense, his desire to obtain numerous silencers "in the near future," and his desire to obtain C-4 explosives were not facts taken into account under the Guidelines. Therefore, his sentence did not produce an unwarranted disparity and was not unreasonable. See id. at 709.

AFFIRMED.