United States Court of Appeals
Fifth Circuit

**F I L E D**

December 11, 2006

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-21005 c/w 05-21083
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

KHANH DUY HA,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:03-CR-169-2
--------------------

Before REAVLEY, WIENER and DENNIS, Circuit Judges.

PER CURIAM:[*]

    Khanh Duy Ha appeals his guilty plea conviction and sentence for conspiracy to possess with intent to distribute methamphetamine and conspiracy to possess with intent to distribute ecstasy.  Ha argues that the district court clearly erred in enhancing his offense level pursuant to U.S.S.G. § 2D1.1(b)(1) and that his guilty plea was rendered involuntary when the Government breached the plea agreement by failing to move for a U.S.S.G. § 5K1.1 departure.

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

We first address Ha's breach argument, which we review de novo.  See <u>United States v. Saling</u>, 205 F.3d 764, 766 (5th Cir. 2000).  In Ha's plea agreement, the Government retained sole discretion to move for a § 5K1.1 departure, and Ha does not argue that the Government's refusal to do so was based on an unconstitutional motive.  See <u>United States v. Garcia-Bonilla</u>, 11 F.3d 45, 46 (5th Cir. 1993).  Furthermore, the Government's conduct was not inconsistent with the parties' reasonable understanding of the agreement.  See <u>United States v. Wilder</u>, 15 F.3d 1292, 1295 (5th Cir. 1994).  In light of the foregoing, Ha has not borne his burden of establishing by a preponderance of the evidence that the Government breached the plea agreement.  See <u>United States v. Price</u>, 95 F.3d 364, 367 (5th Cir. 1996).

Ha's plea agreement contained an appeal waiver, which the Government seeks to enforce and which the record establishes was entered into knowingly and voluntarily.  See <u>United States v. Robinson</u>, 187 F.3d 516, 517 (5th Cir. 1999).  Therefore, Ha's challenge to the § 2D1.1(b)(1) enhancement is barred by his appeal waiver and is dismissed.  See <u>United States v. Melancon</u>, 972 F.2d 566, 568 (5th Cir. 1992).

DISMISSED.