# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 19, 2007**

Charles R. Fulbruge III
Clerk

No. 06-40948
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

ARIEL R RIVERA

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:05-CR-1858-ALL

Before REAVLEY, SMITH and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Ariel R. Rivera was indicted on two counts of violating 8 U.S.C. § 1324 by transporting an alien by motor vehicle for commercial advantage or private financial gain. He pleaded guilty to one count pursuant to a written plea agreement in which the Government agreed, based on facts known to it at the time of the plea bargain, to move that he be given three credits for acceptance of responsibility under U.S.S.G. § 3E1.1. The district court refused to award him any credits under § 3E1.1 because he had violated the terms of his pretrial

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

release by not appearing for his first sentencing hearing. Rivera filed this appeal, contending that his failure to get the credits resulted from the Government's breaching the plea agreement.

Whether the Government breached a plea agreement is a legal question reviewed de novo. United States v. Brown, 328 F.3d 787, 790 (5th Cir. 2003). Rivera has the burden of proving, by a preponderance of the evidence, facts that establish a breach. United States v. Wilder, 15 F.3d 1292, 1295 (5th Cir. 1994). Because Rivera made no objections concerning his plea at sentencing, we review for plain error. See United States v. Branam, 231 F.3d 931, 933 (5th Cir.2000). The Government's failure to fulfill its part of a plea bargain can constitute plain error regardless of whether the sentencing judge was influenced by the Government's action. United States v. Munoz, 408 F.3d 222, 226 (5th Cir. 2005).

In determining whether the Government fulfilled its promises, we must decide whether the Government's conduct "is consistent with what is reasonably understood by the defendant when entering a plea of guilty." United States v. Huddleston, 929 F.2d 1030, 1032 (5th Cir. 1991). Applying this test to the Government's first promise, to move for the two-level decrease, it was unreasonable for Rivera, who was re-arrested between arraignment and sentencing, to expect that the Government would do more than advise the district court that it recommended that decrease. The Government effectively did that (a) by not objecting to the inclusion in the presentence report of the recommendation for the decrease and (b) by not renouncing that recommendation at sentencing. The district court was aware, based on the presentence report, that the Government did not object to Rivera's getting the credit. Compare United States v. Saling, 205 F.3d 764, 767 (5th Cir. 2000) (court advised of Government's position by way of presentence report); United States v. Reeves, 255 F. 3d 208, 209-10 (5th Cir. 2001) (holding, on plain-error review, that inclusion of plea-agreement stipulation as recommendation in presentence report satisfied terms of plea agreement).

2

Additionally, the Government did not breach its promise to move for the additional one-level decrease. Rivera had rendered himself ineligible for that credit when the district court denied him the two-level decrease because he had failed to appear at his first sentencing hearing, for which he was arrested. Because the district court's refusal to award the two-level adjustment made Rivera ineligible for the additional one-level adjustment, the Government was under no obligation to move for it. In deciding whether Rivera had accepted responsibility, the district court properly considered his failure to comply with the conditions of his bond. See United States v. Hooten, 942 F.2d 878, 882-83 (5th Cir. 1991) (finding defendant's actions to be inconsistent with acceptance of responsibility).

Rivera has failed to show a breach of either of the Government's promises. Consequently, the district court's decision is AFFIRMED.