# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 21, 2009

Charles R. Fulbruge III
Clerk

No. 08-40317
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RAMON ANIBEL BELLORIN-TORRES,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:07-CR-1178-ALL

Before JOLLY, BARKSDALE, and CLEMENT, Circuit Judges.

PER CURIAM:*

Ramon Anibel Bellorin-Torres pleaded guilty to being a previously-deported alien who was found unlawfully in the United States. He appeals only his sentence.

In exchange for Bellorin's guilty plea, the Government agreed, *inter alia*, to move for a two-level reduction in Bellorin's offense level, pursuant to United

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

States Sentencing Guidelines § 5K3.1, and to recommend that Bellorin be sentenced at the low end of the applicable advisory guidelines sentencing range. At sentencing, however, the Government did not make a § 5K3.1 motion and, when asked for its position on sentencing, requested a sentence at the high end of the sentencing range. Bellorin was sentenced, *inter alia*, to 78-months' imprisonment.

As held recently in *Puckett v. United States*, 129 S. Ct. 1423, 1428 (2009), because the breach-of-the-plea-agreement issue was raised for the first time on appeal, review is only for plain error. To show reversible plain error, Bellorin must show a clear or obvious error that affects his substantial rights. *Id.* at 1429. If he makes such a showing, our court has discretion to correct the error, but, generally, will correct it only if it seriously affects "the fairness, integrity[,] or public reputation of judicial proceedings". *Id.* (quoting *United States v. Olano*, 507 U.S. 725, 736 (1993)). The Government, through omission and commission, breached the plea agreement. Therefore, as the Government concedes, there was a clear or obvious error. *See id.*

Concerning whether this plain error affected Bellorin's substantial rights, there is nothing in the record to indicate that the district court would not have granted a § 5K3.1 motion as a matter of course. Without the § 5K3.1 two-level reduction, Bellorin's advisory sentencing range was 70 to 87 months; with the reduction, it would have been 57 to 71 months. Additionally, consistent with recommendations by both the Government and the probation officer that Bellorin be sentenced at the high end of the sentencing range, the district court imposed a mid-range sentence of 78 months.

There is a reasonable probability that, had the § 5K3.1 motion been made, Bellorin would have received a lesser sentence. And, had the Government recommended a low-end sentence, Bellorin's sentence would likely have been lesser still.

Because the error likely affected the outcome of the sentencing proceedings, Bellorin has shown that his substantial rights were affected. *Puckett*, 129 S. Ct. at 1433 n.4. Further, the error affected the fairness, integrity, or public reputation of these proceedings. Accordingly, pursuant to our discretion, Bellorin's sentence is vacated and this matter is remanded to district court for resentencing.

CONVICTION AFFIRMED; SENTENCE VACATED; REMANDED FOR RESENTENCING.