# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 21, 2012

No. 11-40697
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JAVIER HUGO PEREZ, also known as El Vecino,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:09-CR-2897-8

Before HIGGINBOTHAM, DAVIS and ELROD, Circuit Judges.

PER CURIAM:[*]

Javier Hugo Perez appeals following his convictions of one count of conspiring to possess with intent to distribute in excess of 1,000 kilograms of marijuana and one count of conspiring to commit money laundering. The above charges were, respectively, Count One and Count Seven of a superseding indictment, to which Perez pleaded guilty pursuant to an agreement. He argues on appeal that he is entitled to withdraw his guilty pleas because the Government breached the plea agreement by failing to move for the dismissal

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-40697

of Count Seven at sentencing.  The Government contends Perez is entitled to no relief because the record as a whole establishes that the parties understood that Perez would plead guilty to, and be sentenced on, both Count One and Count Seven.

Generally, the issue whether the Government's conduct violated the terms of a plea agreement is a question of law, which we review de novo.  *See United States v. Saling*, 205 F.3d 764, 766 (5th Cir. 2000).  However, where, as here, a defendant does not argue before the district court that the Government has breached the plea agreement, the issue is reviewed only for plain error.  *See Puckett v. United States*, 556 U.S. 129, 133-34 (2009).  To show plain error, an appellant must show a forfeited error that is clear or obvious and that affects his substantial rights.  *See id.* at 135.  If he makes such a showing, we have the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings.  *See id.*

In determining whether the Government has breached a plea agreement, we examine whether the Government's conduct is consistent with the defendant's reasonable understanding of the agreement.  *United States v. Pizzolato*, 655 F.3d 403, 409 (5th Cir. 2011), *cert. denied*, 132 S. Ct. 1126 (2012).  Perez has the burden of establishing the facts showing a breach.  *Id.* at 409.  Perez's appeal waiver does not bar him from raising on appeal the issue of breach of the plea agreement.  *See United States v. Branam*, 231 F.3d 931, 931 n.1 (5th Cir. 2000).

As the Supreme Court discussed in *Puckett*, "the second prong of plain-error review . . . will often have some 'bite' in plea-agreement cases." *Puckett*, 556 U.S. at 143.  Under the second prong, "the legal error must be clear or obvious, rather than subject to reasonable dispute." *Puckett*, 556 U.S. at 135.  "Not all breaches will be clear or obvious.  Plea agreements are not always models of draftsmanship, so the scope of the Government's commitments will on occasion be open to doubt." *Id.* at 143.

No. 11-40697

The first paragraph of the plea agreement indicates Perez's agreement to plead guilty to both Count One and Count Seven of the superseding indictment. Within its factual basis section, the plea agreement states in Paragraph 17 that Perez "is pleading guilty because he/she is guilty of the charge contained in Count One and Count Seven of the Superseding Indictment."  Yet, the agreement, without mentioning a guilty plea to Count Seven, provides in Paragraph 13(a) that, if Perez "pleads guilty to Count One of the superseding indictment and persists in that plea through sentencing, and if the Court accepts this plea agreement, the United States will move to dismiss any remaining counts of the superseding indictment at the time of sentencing."  It is difficult to reconcile Paragraph 1 and Paragraph 17 with Paragraph 13(a), and it is thus debatable whether the agreement requires the Government to move for the dismissal of Count Seven.

Given the lack of clarity as to the Government's obligation, it is not "clear or obvious" that the Government's failure to move for the dismissal of Count Seven at sentencing constitutes a breach of the agreement; rather, the matter is "subject to reasonable dispute." *See Puckett*, 556 U.S. at 135.  In view of the foregoing, Perez has not met his burden to establish an entitlement to relief under the applicable plain error standard.  *See id.* at 135, 143.

AFFIRMED.