# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 24, 2013

Lyle W. Cayce
Clerk

No. 12-10888
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LINDSEY MONTELONGO,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:12-CR-45-4

Before BENAVIDES, HAYNES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Lindsey Montelongo pleaded guilty of conspiracy to distribute and possess with intent to distribute methamphetamine, and she was sentenced at the top of the guidelines range to a 293-month term of imprisonment and to a five-year period of supervised release. She has appealed her sentence.

Sentences are reviewed for procedural error and substantive reasonableness under an abuse of discretion standard. *United States v.*

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*Johnson*, 619 F.3d 469, 471-72 (5th Cir. 2010). The district court's interpretation or application of the Guidelines is reviewed de novo, and its factual findings are reviewed for clear error. *Id.* at 472. "A factual finding is not clearly erroneous if it is plausible in light of the record read as a whole." *United States v. Villanueva*, 408 F.3d 193, 203 (5th Cir. 2005). To the extent that error was not preserved in the district court, this court's review is for plain error. *United States v. Claiborne*, 676 F.3d 434, 438 (5th Cir. 2012). To show plain error, an appellant must show a forfeited error that is clear or obvious and that affects her substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If she makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

Montelongo contends that her offense level should have been reduced pursuant to U.S.S.G. § 3B1.2 because of her minor or minimal role in the offense. Montelongo contends also that the district court erred in failing to reduce her offense level pursuant to U.S.S.G. § 2D1.1(b)(15), which is predicated on receipt of the four-level minimal-participant adjustment under § 3B1.2(a). *See* § 2D1.1(b)(15). The presentence report provides ample support for the district court's finding that Montelongo was an average participant in the conspiracy. *See* U.S.S.G. § 3B1.2, comment. (nn.3-5). Montelongo and another coconspirator conducted the majority of the conspiracy's drug transactions. She made a payment to a supplier, drugs were stored in her bedroom, and she was involved in breaking down and repackaging large quantities of methamphetamine. The district court did not clearly err in refusing to adjust Montelongo's offense level because of her minor or minimal role in the offense. *See Villanueva*, 408 F.3d at 203.

The district court clearly erred, Montelongo asserts, in increasing her offense level by two levels pursuant to U.S.S.G. § 3B1.4 because her children were present during drug transactions or were otherwise involved in the offense. Montelongo has not carried her burden of showing that these findings were based on unreliable information. *See United States v. Ollison*, 555 F.3d 152, 164 (5th Cir. 2009).

Montelongo asserts that the district court erred in adjusting her offense level upward by two levels because the methamphetamine was imported from Mexico. Although Montelongo challenged this adjustment in the district court, she did so on other grounds. Accordingly, our review is for plain error. *See Claiborne*, 676 F.3d at 438. "Questions of fact capable of resolution by the district court upon proper objection at sentencing can never constitute plain error." *Id.* (internal brackets, internal quotation marks, and citation omitted).

Next, Montelongo challenges the district court's refusal to reduce her offense level by three levels for acceptance of responsibility. Montelongo was denied an adjustment for acceptance of responsibility because she failed to appear as ordered for her rearraignment. Because the district court's ruling was not without foundation, it is affirmed. *See United States v. Torres*, 353 F. App'x 900, 901 (5th Cir. 2009); *United States v. Juarez-Duarte*, 513 F.3d 204, 211 (5th Cir. 2008); *United States v. Rivera*, 248 F. App'x 532, 533 (5th Cir. 2007).

Finally, Montelongo contends that the sentence imposed was substantively unreasonable because the district court failed to consider adequately the nature and circumstances of the offense and her history and characteristics. Because no objection was asserted in the district court to the reasonableness of the sentence, our review is for plain error. *See United States v. Rashad*, 687 F.3d 637, 644 (5th Cir. 2012). Montelongo has not shown that

the sentence did not account for factors that should receive significant weight, that it gave significant weight to irrelevant or improper factors, or that it represents a clear error of judgment in balancing sentencing factors. *See id.* Thus, she has not rebutted the presumption of reasonableness accorded to her within-guidelines sentence. *See id.* There was no error, plain or otherwise. The judgment is AFFIRMED.