# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-11131

United States Court of Appeals
Fifth Circuit

**FILED**

May 9, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JEHONI KIERRE WILLIAMS,

Defendant - Appellant

Appeals from the United States District Court
for the Northern District of Texas

Before SOUTHWICK and COSTA, Circuit Judges, and OZERDEN*, District Judge.

LESLIE H. SOUTHWICK, Circuit Judge:

Jehoni Kierre Williams pled guilty pursuant to a plea agreement. As part of the agreement, the Government said it would recommend Williams be sentenced at the bottom of the applicable Guidelines range. The Government failed to make that recommendation. Williams appeals. We VACATE and REMAND for Williams to elect whether to withdraw his plea or be resentenced.

---

* District Judge of the Southern District of Mississippi, sitting by designation.

No. 14-11131

## FACTUAL AND PROCEDURAL BACKGROUND

Jehoni Williams was charged with trafficking crack cocaine in a four-count indictment. Williams pled guilty to one count of the indictment: intent to distribute cocaine base. In his written plea agreement, the Government agreed to dismiss the other three counts. The Government also agreed "to make a non-binding recommendation to [sentence Williams at] the bottom of the advisory guideline range found applicable in Williams's case." The Government failed to make this recommendation. Williams's Sentencing Guidelines range was 151 to 188 months of imprisonment, and he was sentenced to 188 months. He timely appealed.

## DISCUSSION

### I.    *Plain error*

Because Williams failed to make this argument in the district court, our review is for plain error. *Puckett v. United States*, 556 U.S. 129, 135 (2009). To demonstrate plain error, (1) "there must be an error or defect . . . that has not been intentionally relinquished or abandoned"; (2) "the legal error must be clear or obvious, rather than subject to reasonable dispute"; (3) "the error must have affected the appellant's substantial rights"; and (4) "if the above three prongs are satisfied, [we have] the *discretion* to remedy the error – discretion which ought to be exercised only if the error 'seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'" *Id.* (quoting *United States v. Olano,* 507 U.S. 725, 736 (1993)). An error affects an appellant's substantial rights when there is "a reasonable probability that, but for the error, he would have received a lesser sentence." *United States v. Hebron*, 684 F.3d 554, 559 (5th Cir. 2012). Though the Government concedes that all four factors of plain error are met here, we "give the issue independent review." *United States v. Hope*, 545 F.3d 293, 295 (5th Cir. 2008).

2

No. 14-11131

The first two plain-error factors are clearly met. As to the third factor, the district court sentenced Williams to the top of the applicable Guidelines range. There is no indication the district court would have been unmoved by the Government's recommendation for a lower sentence. In one case, the Government breached the plea agreement by failing both to file a motion for a two-level reduction and to recommend a sentence at the low end of the applicable Guidelines range. *United States v. Bellorin-Torres*, 341 F. App'x 19, 20 (5th Cir. 2009). We held that there was plain error, partially because there was "nothing in the record to indicate that the district court would not have granted [the] motion . . . ." *Id.* While *Bellorin-Torres* is unpublished, its analysis is persuasive. Here, there is "a reasonable probability that, but for the error, [Williams] would have received a lesser sentence." *Hebron*, 684 F.3d at 559. As to the last factor, "[t]he Government's failure to fulfill its promise affects the fairness, integrity, and public reputation of judicial proceedings . . . ." *United States v. Munoz*, 408 F.3d 222, 226 (5th Cir. 2005). We therefore conclude there is plain error.

## II.    *Election of relief*

Williams, in his brief, requests rescission of his plea agreement. While the Government has conceded plain error, it argues that Williams is entitled only to specific performance, *i.e.*, a resentencing with the Government fulfilling its promise to recommend a sentence at the low end of the Guidelines range.

We have previously held that when "the government breache[s] its plea agreement, [the defendant] may seek one of two remedies: (1) specific performance, requiring that the sentence be vacated and that a different judge sentence the defendant; or (2) withdrawal of the guilty plea." *United States v. Gonzalez*, 309 F.3d 882, 886 (5th Cir. 2002). The Government never discusses *Gonzalez* in its briefing, though it was cited by Williams. Perhaps the

No. 14-11131

Government would argue that having a right to "seek" one of two remedies means only that a defendant may ask for certain relief but a district judge has discretion to decide.

Additional direction comes from a case in which the Government's knowing violation of its agreement invalidated the guilty plea. *United States v. Saling*, 205 F.3d 764, 767 (5th Cir. 2000). We noted that the defendant "elected to withdraw that plea rather than secure specific performance of the agreement." *Id.* We then quoted a similar decision:

> A defendant who alleges that a plea agreement has been breached has the option of seeking one of two remedies on appeal: (1) specific performance, which requires that the sentence be vacated and that the defendant be resentenced by a different judge; or (2) withdrawal of the guilty plea, and the opportunity to plead anew, which requires vacation of both the conviction and the sentence.

*Id.* at 768 (quoting *United States v. Palomo*, 998 F.2d 253, 256 (5th Cir.1993)).

We will try to be clear. When the Government breaches a plea agreement, a defendant has the right (with a caveat we explain below) to have his chosen remedy accepted, either specific performance of the plea agreement and resentencing before a different judge, or withdrawal of the guilty plea.

The Government adds to our analysis in citing *United States v. Castaneda*, 162 F.3d 832 (5th Cir. 1998). That opinion requires that we assess the materiality of the breach of a plea agreement when determining if relief is warranted. *Id.* at 835−36. There, the Government promised not to prosecute Castaneda if he cooperated. *Id.* at 834. After working with Castaneda for more than a year, the Government withdrew from the deal because it determined Castaneda was not entirely forthcoming with information. *Id.* at 836−37. "Castaneda countered that he gave the government considerable, accurate, and incriminating information . . . and that any omissions Castaneda made were essentially inadvertent or duplicative and thus did not amount to a material breach of the agreement. In so many words, he argued substantial

4

performance." *Id*. at 837. We then analyzed whether the breach was material, determined that it was not, and concluded that the Government could not rescind the agreement. *Id*. at 837−40.

Perhaps, then, it is necessary first to find a breach to be material before allowing the defendant to rescind the plea agreement. There is no mention of materiality in the opinions of *Gonzalez, Palomo,* or *Saling* that we earlier discussed, and *Palomo* predates *Castaneda.* Even so, it would be reasonable to interpret those three opinions as dealing with material breaches.

Regardless of whether a breach must be material before a defendant is allowed to elect a remedy, we conclude the breach here was material. Indeed, under plain-error analysis, we concluded that the breach affected Williams's substantial rights and "affect[ed] the fairness, integrity, and public reputation of judicial proceedings . . . ." *See Munoz*, 408 F.3d at 226.

On remand, Williams may make a final, counseled, and enforceable election. Williams may rescind the entire agreement or he may be sentenced again by a different judge.

All pending motions are denied.

VACATED and REMANDED.