**UNITED STATES of America,**
**Plaintiff–Appellee**

v.

**Jehoni Kierre WILLIAMS,**
**Defendant–Appellant**

**No. 14-11131**

United States Court of Appeals,
Fifth Circuit.

08/18/2016

---

James Wesley Hendrix, Emily Baker Falconer, Assistant U.S. Attorneys, U.S. Attorney's Office, Dallas, TX, for Plaintiff–Appellee.

Stephen Earl Dodd, Dodd Law Firm, P.L.L.C., Big Lake, TX, for Defendant–Appellant.

Before SOUTHWICK and COSTA, Circuit Judges, and OZERDEN *, District Judge.

## ON PETITION FOR REHEARING

LESLIE H. SOUTHWICK, Circuit Judge:

On May 9, 2016, we vacated Jehoni Williams's sentence and remanded to allow Williams to elect whether to withdraw his plea or be resentenced. *United States v. Williams*, 821 F.3d 656 (5th Cir. 2016). On rehearing, the Government argues we went beyond the controlling caselaw.

We disagree. The Fifth Circuit authority upon which we relied spoke in terms of allowing a defendant to "seek one of two remedies: (1) specific performance, requiring that the sentence be vacated and that a different judge sentence the defendant; or (2) withdrawal of the guilty plea." *United States v. Gonzalez*, 309 F.3d 882, 886 (5th Cir. 2002). In a different case, the court said that a defendant whose plea agreement was breached "has the option of seeking one of two remedies on appeal: (1) specific performance, which requires that the sentence be vacated and that the defendant be resentenced by a different judge; or (2) withdrawal of the guilty plea, and the opportunity to plead anew, which requires vacation of both the conviction and the sentence." *United States v. Palomo*, 998 F.2d 253, 256 (5th Cir. 1993).

The Government argues that the caselaw we cited should be limited to allowing a defendant to "seek" one of the two options, but it would be for the district court to decide which option would apply. We considered such an interpretation both at the time of our original decision and again now. We remain convinced that our earlier decision is the better analysis of the precedents from this court. We withdraw our previous terminology that a defendant has a "right" to the exercise of these options upon the breach of a plea agreement. A defendant has a choice to make; that is all we need to say.

We leave unaltered what we labeled a "caveat" in our previous opinion concerning the possible relevance of the materiality of the breach. *See Williams*, 821 F.3d at 658–59.

The petiton for rehearing is DENIED.