# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-41612
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 11, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

FAUSTO BECERRA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:16-CR-186-1

Before DAVIS, CLEMENT and COSTA, Circuit Judges.

PER CURIAM:[*]

Following his guilty plea to conspiracy to possess with intent to distribute cocaine, Fausto Becerra was sentenced, below the guidelines range, to 90 months of imprisonment based on the district court's finding that he was accountable for 14.97 kilograms of cocaine. On appeal, Becerra contends—for the first time—that the Government breached the plea agreement, which inadvertently stated that he was instead accountable for 19.99 kilograms of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-41612

marijuana. Because Becerra did not raise this challenge in the district court, we review for plain error. *See United States v. Williams*, 821 F.3d 656, 657 (5th Cir. 2016); *Puckett v. United States*, 556 U.S. 129, 135 (2009).

Becerra's argument is wholly conclusory; he fails to meaningfully address the requisite plain error factors or cite any relevant authority. *See United States v. Reyes*, 300 F.3d 555, 558 (5th Cir. 2002) (explaining that the defendant has the burden to show each prong of the plain error test). Consequently, he has abandoned the challenge to his sentence. *See United States v. Reagan*, 596 F.3d 251, 254 (5th Cir. 2010); *United States v. Charles*, 469 F.3d 402, 408 (5th Cir. 2006). In any event, we would not find reversible plain error because the record reflects that the Government's conduct was consistent with Becerra's reasonable understanding of the plea agreement. *United States v. Purser*, 747 F.3d 284, 290 (5th Cir. 2014); *Puckett*, 556 U.S. at 135. Accordingly, we AFFIRM the judgment.