# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 23, 2020

Lyle W. Cayce
Clerk

No. 20-10259
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

TANYA MARIE REGAN,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:19-CR-21-1

Before HAYNES, WILLETT, and HO, *Circuit Judges*.

PER CURIAM:*

Tanya Marie Regan pleaded guilty to one count of conspiracy to produce child pornography in violation of 18 U.S.C. § 2251(a) and (e) and one count of possession of prepubescent child pornography in violation of 18

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-10259

U.S.C. § 2252A(a)(5)(B) and (b)(2). The district court sentenced her to 50 years' imprisonment. Regan argues on appeal that the Government violated the terms of the plea agreement. Specifically, Regan contends that the plea agreement prohibited the Government from using any information she provided in assistance with the investigation to increase her Sentencing Guidelines offense level. During sentencing, the Government pointed to emails Regan provided admitting that she abused one of the child victims in this case. So, according to Regan, it was plain error for the district court to consider those emails. We disagree.

Ordinarily, whether the Government has breached a plea agreement is a question of law that we review de novo. *United States v. Purser*, 747 F.3d 284, 290 (5th Cir. 2014). Regan, however, failed to preserve the error. We review unpreserved errors under the plain-error standard. Fed. R. Crim. P. 52(b); *Puckett v. United States*, 556 U.S. 129, 143 (2009).

To demonstrate plain error, "a defendant must show (1) error, (2) that is clear or obvious, and (3) that affected the defendant's substantial rights." *United States v. Casillas*, 853 F.3d 215, 217 (5th Cir. 2017). Regan cannot meet any of these elements.

First, the plea agreement explicitly states "that U.S.S.G. § 1B1.8 is applicable to the defendant." That statute governs the use of information provided by defendants under cooperation agreements, and it explains that it "shall not be applied to restrict the use of information . . . known to the government prior to entering into the cooperation agreement." § 1B1.8(b)(1). The Government obtained the emails at issue before entering into the plea agreement, and thus the later-made plea agreement did not restrict the Government's use of those emails.

Second, even if the district court did commit a clear or obvious error, the error only "affects an appellant's substantial rights when there is a

reasonable probability that, but for the error, [s]he would have received a lesser sentence." *United States v. Williams*, 821 F.3d 656, 657–58 (5th Cir. 2016) (cleaned up). Regan concedes that the emails did not produce a higher Guidelines range, and that the district court stated that it would impose the same sentence even if the Guidelines calculations were incorrect. In fact, the district court said this was the strongest case he could imagine for the imposition of the statutory maximum sentence. Regan has therefore failed to show that without considering the emails, there is a reasonably probability that the district court would have imposed a lesser sentence.

We AFFIRM.