# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 29, 2022

Lyle W. Cayce
Clerk

No. 20-51000

United States of America,

*Plaintiff—Appellee*,

*versus*

Jesse Cabrera,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:20-CR-213-2

Before Jones, Southwick, and Oldham, *Circuit Judges*.

Per Curiam:*

Jesse Cabrera pled guilty to conspiring to transport unlawfully present aliens. 8 U.S.C. § 1324(a)(1)(A)(v)(I). The government agreed to move for a one-point departure under U.S.S.G. § 5K3.1 in exchange for Cabrera's agreement to enter a "fast-track" program. The plea agreement also stated that "should the [g]overnment determine, at any time after [d]efendant has

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-51000

entered into his Plea Agreement, that this [d]efendant's prior convictions or other factors would disqualify [d]efendant from the Fast-Track program, the [g]overnment will notify defense counsel of Defendant's disqualification and will no longer be obligated to move for the downward departure." The government failed to file its § 5K3.1 motion, and it failed to notify defense counsel of that decision.

The government has moved, without opposition from Cabrera, to vacate Cabrera's sentence, and remand for the district court to re-sentence Cabrera appropriately. Because Cabrera did not object at his sentencing, review of the government's breach of the plea agreement is for plain error. *See United States v. Sanchez-Hernandez*, 931 F.3d 408 (5th Cir. 2019). Plain-error review has four elements: (1) an unwaived error that (2) is clear or obvious, (3) affected the appellant's substantial rights, and (4) merits an exercise of the reviewing court's discretion because it seriously affected the fairness, integrity, or public reputation of judicial proceedings. *Puckett v. United States*, 556 U.S. 129, 135 (2009).

Cabrera's plea agreement required the government to move for a fast track departure or to notify Cabrera that it would not. The government did neither. It therefore breached the agreement. *See United States v. Bellorin-Torres*, 341 F. App'x 19, 20 (5th Cir. 2009) (finding breach for failure to move for fast-track departure). Because the government breached the plea agreement, Cabrera is not bound by the appellate waiver in his plea agreement and therefore meets the first element of plain error review. *See United States v. McNabb*, 958 F.3d 338, 339 (5th Cir. 2020).

As to the second element, a breach is clear and obvious when the government's commitments in a plea agreement are not "open to doubt," and not subject to reasonable dispute. *See Puckett*, 556 U.S. at 135, 1429. No party disputes that the government had an obligation to move for a departure

2

from the guidelines or notify Cabrera that it would not, and that the government failed to do either. Though the reason for nonperformance was merely an oversight, such inadvertence does not save the agreement. *See Santobello v. New York*, 404 U.S. 257, 262, 92 S. Ct. 495, 499 (1971).

Third, both parties agree and each argues that the error prejudiced Cabrera's substantial rights. Because there is "nothing in the record to indicate that the district court would not have granted [a] motion" for a departure from the guidelines, there is "a reasonable probability that, but for the error, [Cabrera] would have received a lesser sentence." *United States v. Williams*, 821 F.3d 656, 658 (5th Cir. 2016). This is enough to meet the third prong. *Id.* Additionally, Cabrera indicates in his brief that had the government notified him that they would not seek a guidelines departure, he would have had the option to withdraw from the agreement.

Finally, the fourth prong is met by the simple fact that when the government breaches a plea agreement, "the integrity of the system may be called into question," and there are no countervailing considerations in this particular case that suggest otherwise. *Puckett*, 556 U.S. at 142-43.

For the foregoing reasons the conviction is AFFIRMED, the SENTENCE VACATED, and the case REMANDED for resentencing.

No. 20-51000

Andrew S. Oldham, *Circuit Judge*, dissenting:

The court vacates Cabrera's sentence and remands because it concludes there was a "plain error" in sentencing. I have previously expressed doubts about how we apply that doctrine. *See, e.g.*, *United States v. del Carpio Frescas*, 932 F.3d 324, 333–44 (5th Cir. 2019) (Oldham, J., concurring). This case is yet another example of the problems with it.

Ordinarily, our adversarial system depends on the parties to identify an error, raise an objection, and ask the court for a ruling. The plain-error doctrine is a notable exception to this general rule. It allows a criminal defendant to sit silently, object to nothing, and win anyway. It's obvious why every defendant would prefer this do-nothing-and-win route and why, if unchecked, the plain-error exception would swallow the adversarial-system rule. So to ensure that the plain-error exception remains just that—an exception—the Supreme Court and ours have placed strict limits on its applicability: the defendant must identify an error that was *so* plain and *so* obvious that the district court should've noticed it and corrected it *sua sponte*. *See, e.g.*, *United States v. Sanchez-Hernandez*, 931 F.3d 408, 410 (5th Cir. 2019); *United States v. Cabello*, 33 F.4th 281, 288 (5th Cir. 2022). The rationale is that if the error is truly egregious, then it shouldn't matter that everyone—including the parties who are well-positioned and incentivized to notice it—missed it. *See, e.g.*, *Puckett v. United States*, 556 U.S. 129, 135–36 (2009).

In this case, however, the purportedly "plain error" is one that the district court could not have identified if it wanted to. In the plea agreement, the Government promised to either (A) ask the district court for a one-point departure under U.S.S.G. § 5K3.1 or (B) notify the defendant that it would not make that request. The district court obviously knew that the Government did not do (A). But the district court could not possibly have

4

known whether the Government did (B) without an objection from the defendant. I suppose the Government could've said, "Government, did you provide the notice required by option (B)?" But if the plain-error doctrine required *that*, then it would no longer be a failsafe for correcting egregious oversights and would instead provide a non-adversarial system of justice where the district court is the defendant's attorney.

What's worse is that Cabrera cannot possibly show prejudice. *See Puckett*, 556 U.S. at 135 (noting that plain error's third prong requires a showing that the error "affected the appellant's substantial rights, which in the ordinary case means he must demonstrate that it affected the outcome of the district court proceedings" (quotation omitted)). The Supreme Court's canonical plain-error case holds that a defendant *cannot* show prejudice by arguing that he would've rejected a plea agreement without the promise later broken by the Government. *Id.* at 142 n.4. Here, however, that's the *only* thing Cabrera could show. To honor its promise, the Government only needed to provide notice to the defendant and hence allow him to withdraw his plea—the very thing that *Puckett* says cannot constitute prejudice. Moreover, Cabrera does not even argue that he would have withdrawn his plea if he'd gotten the notice that the Government promised. He merely argues that he *could've* withdrawn his plea. That's doubly insufficient under *Puckett*.

I respectfully dissent.