# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
November 3, 2025

Lyle W. Cayce
Clerk

No. 24-50318

_____

United States of America,

*Plaintiff—Appellee,*

*versus*

Cody Lee Spencer,

*Defendant—Appellant.*

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:22-CR-253-1

_____

Before Elrod, *Chief Judge*, and Clement and Haynes, *Circuit Judges*.
Per Curiam:[*]

Cody Lee Spencer appeals his sentence, arguing, among other things, that the Government breached its plea agreement by failing to file a motion for downward departure under § 5K1.1 of the Federal Sentencing Guidelines or a similar motion under Rule 35 of the Federal Rules of Criminal Procedure. We agree and vacate and remand for resentencing.

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-50318

"Whether the Government has breached a plea agreement is a question of law that this Court reviews de novo," so long as the issue was preserved, as it was here. *United States v. Purser*, 747 F.3d 284, 290 (5th Cir. 2014); *United States v. Malmquist*, 92 F.4th 555, 562 (5th Cir. 2024). While general contract principles apply to plea agreements, "the government must strictly adhere to the terms and conditions of its promises" as the defendant reasonably understood them. *United States v. Valencia*, 985 F.2d 758, 760–61 (5th Cir. 1993). Promises that "can be said to be part of the inducement or consideration . . . must be fulfilled." *Santobello v. New York*, 404 U.S. 257, 262 (1971).

While "[t]he defendant has the burden of demonstrating the underlying facts that establish the breach by a preponderance of the evidence," the facts here are not in dispute. *Purser*, 747 F.3d at 290. On October 4, 2022, DEA Task Force Officers arrested Cody Lee Spencer and co-defendant Natalie Williams after Spencer sold an ounce of cocaine to an officer during a buy/bust operation. Though Spencer initially cooperated, he fled the state after being released from custody. He was apprehended about a month later and has remained in custody since.

In January 2024, after fourteen months in custody, Spencer and the Government reached a plea agreement. The face of the written agreement did not include any terms that would affect Spencer's sentencing. However, in the cover e-mails to the agreement, defense counsel memorialized a conversation with the Assistant United States Attorney, "confirm[ing their] agreement that, unless Mr. Spencer violates conditions, . . . the Government will file a [§ 5K1.1] motion based upon Mr. Spencer's prior cooperation and information, and his agreement to testify at the upcoming Natalie Williams trial." Spencer agreed to sign "[i]n reliance upon [this] agreement." The AUSA responded affirmatively.

2

No. 24-50318

Shortly before Spencer's sentencing hearing, however, the AUSA reneged on the agreement to file a § 5K1.1 motion, which must be filed before the sentencing hearing. *See* U.S. Sent'g Guidelines Manual § 5K1.1 (U.S. Sent'g Comm'n 2024). The Government suggested that it would instead file a motion under Rule 35 of the Federal Rules of Criminal Procedure after the resolution of Spencer's co-defendant's case. Spencer decided to move forward with the scheduled sentencing based on the Government's promise, which defense counsel again confirmed in writing. At the sentencing hearing, defense counsel raised the issue of a possible breach due to the Government's failure to file a § 5K1.1 motion, preserving the issue for appeal in this court. The Government's deadline to file a Rule 35 motion has also passed; no such motion has been filed.

The Government conceded at oral argument that the cover e-mail regarding the § 5K1.1 motion modified the plea agreement, which is "construed strictly against the Government as drafter of the agreement." *Purser*, 747 F.3d at 290; Oral Argument at 16:55–17:22, 18:10–18:26. The Government also takes the position that the e-mails regarding a Rule 35 motion modified that requirement. *See* Oral Argument at 18:10–18:26. Therefore, regardless of which e-mail represented the operative version, the terms of the plea agreement required the Government to file a motion asking the court for a reduced sentence, either before the hearing under § 5K1.1 or after the hearing under Rule 35 of the Federal Rules of Criminal Procedure. Neither motion was filed. Thus, the Government breached the agreement.

It is too late to cure the breach by any means other than the relief requested. Accordingly, we VACATE Spencer's sentence and REMAND for resentencing with a different judge.[1] We ORDER the Government to

---

[1] Reassigning the sentencing on remand does not reflect any criticism of the district court's work on this case; rather, we are required to do so under our precedent when the

3

No. 24-50318

specifically comply with its agreement to file a motion for downward departure under § 5K1.1. [2]

The motion carried with the case is DENIED AS MOOT.

_____

defendant seeks such a remedy. *E.g.*, *United States v. Williams*, 821 F.3d 656, 658 (5th Cir. 2016) ("When the Government breaches a plea agreement, a defendant has the right . . . to have his chosen remedy accepted, either specific performance of the plea agreement and resentencing before a different judge, or withdrawal of the guilty plea."); *United States v. Gonzalez*, 309 F.3d 882, 886 (5th Cir. 2002) ("If the government breached its plea agreement, [the defendant] may seek one of two remedies: (1) specific performance, requiring that the sentence be vacated and that a different judge sentence the defendant; or (2) withdrawal of the guilty plea." (citing *United States v. Saling*, 205 F.3d 764, 768 (5th Cir. 2000)); *United States v. Palomo*, 998 F.2d 253, 257 n.3 (5th Cir. 1993) ("Palomo's request for specific performance, if granted, would entitle him to vacation of the sentence and resentencing before a different judge, with the benefit of a § 5K1.1 motion by the Government.").

[2] As we have vacated the existing sentence and remanded for resentencing by a new judge, we leave it to that judge to consider the objections that Spencer has raised about whether to consider a prior drug sale, as well as the materials seized but untested during that sale, relevant conduct under this court's precedents.